**Sueonnah L. DARO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9328.**

United States Court of Appeals
Tenth Circuit.
June 21, 1967.

Wycliffe V. Butler of Strong, Butler & Colberg, Albuquerque, N. M., for appellant.

John A. Babington, Asst. U. S. Atty., (John Quinn, U. S. Atty., on the brief) for appellee.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

PER CURIAM.

Appellant was tried and convicted by a jury for violation of the Dyer Act. He seeks a reversal because the trial court permitted one government witness, an F. B. I. Agent, to testify about an oral admission of guilty made by him to this agent.

Daro was driving a car on U. S. Highway 66, at a point near Moriarty, New Mexico, and was stopped by a state highway patrolman for a routine driver's license check. He did not have a driver's license and produced a car registration admittedly bearing someone else's name. At this time the state officer found a California highway patrolman's uniform and night stick in the front seat of the car driven by Daro and extra California license plates under the front seat. The officer then arrested him and took him before a magistrate upon the driver's license charge. There he pleaded guilty to driving without a license and was sentenced to three days in jail and fined $15.00. He was then taken to the county jail at Estancia to satisfy the sentence and was unable to pay the fine imposed. He was kept in this jail from August 4 to 8, a period of four days, and was then taken into custody by the United States Marshal for the district on this Dyer Act charge and transported to Albuquerque. On this trip the Marshal stopped at Moriarty and Daro was taken to the office of F. B. I. Agent Smith. Smith advised Daro that he wanted to talk to him about the automobile in which he was riding when arrested. Smith testified that he "told him that he did not have to make any statement to me, if he did not want to. That, he had the right to remain silent, and that anything he did say could be used against him in Court. I told him that he had the right to talk to a lawyer; or anyone else; before he talked with me, and that if he could not afford an attorney, why, the Judge would appoint one for him, free of charge." Smith further testified, "I again told him I wanted to talk with him about the automobile which he had in his possession when he was arrested; and his comment to me was 'I stole the car in Los Angeles; what else is there to talk about.'"

Appellant first argues that the arrest on August 4 was in fact an arrest for violation of the Dyer Act and Rule 5 (a), F.R.Crim.P., was violated because

he was not then taken before a commissioner. The argument has no basis in fact. Under the evidence the arrest was made by a state patrolman for driving an automobile without a driver's license, the accused was taken before a state magistrate, a plea of guilty to the state offense was entered, a three day jail sentence and a $15.00 fine was imposed and he remained in custody of the state until the sentence imposed, including the fine, had been satisfied. There can be no violation of Rule 5(a) until the accused is taken into Federal custody.[1] A complaint was filed with the United States Commissioner on August 8, Daro was taken into custody at Estancia by the United States Marshal that day upon the complaint and transported to Albuquerque by way of Moriarty. He was taken before the Commissioner on August 9, his rights were fully explained to him and he waived appointment of counsel and the right to a preliminary hearing. The facts, as reflected by the record, reveal nothing unusual in the case, as counsel for appellant would have us believe. Rule 5(a) was not violated and the cases relied upon by appellant[2] are not applicable to the facts here.

Appellant urges that although Agent Smith gave him a proper warning as to his Constitutional rights, there was no waiver of those rights. There is no merit to this technical contention. Daro, a mature man with a record of numerous arrests and several previous felony convictions, was certainly not unaware of the warning given to him by the agent. He freely and voluntarily made an admission of guilt after being advised of his Constitutional rights to counsel and to remain silent. This Court, in several recent cases, has discussed various aspects of the point urged.[3] The able trial judge, after a full evidentiary hearing on

Daro's contentions, found, in substance, that the warning given by Agent Smith to Daro fully complied with the requirements of the law, that Daro knew and understood what his rights were and that he voluntarily waived those rights and made the admission of guilt. We fully agree.

Affirmed.

1. Butterwood v. United States, 10 Cir., 365 F.2d 380.

2. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479; Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974; Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037; Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100.

3. Davidson v. United States, 10 Cir., 371 F.2d 994; Thompson v. Cox, 10 Cir., 352 F.2d 488; and Otney v. United States, 10 Cir., 340 F.2d 696.