UNITED STATES of America, Appellee,

v.

Luther Jarold GOAD, Jr., Appellant.

UNITED STATES of America, Appellee,

v.

Charles Vernon WAYMIRE, Appellant.

Nos. 441–69, 442–69.

United States Court of Appeals, Tenth Circuit.

May 18, 1970.

Rehearing Denied in No. 442–69 June 22, 1970.

Hubert H. Bryant, Tulsa, Okl. (Nathan G. Graham, U. S. Atty., and Robert T. Santee, Asst. U. S. Atty., Tulsa, Okl., on the brief), for appellee.

G. Douglas Fox, Tulsa, Okl., for appellant Goad.

Elmore A. Page, Tulsa, Okl., for appellant Waymire.

Before LEWIS and SETH, Circuit Judges, and BRATTON, District Judge.

PER CURIAM.

The appellants Luther Jarold Goad, Jr., and Charles Vernon Waymire were convicted of having robbed the State National Bank of Depew, Depew, Oklahoma, in violation of 18 U.S.C.A. § 2113(b).

On appeal, Waymire argues that error was committed at trial by the court's failure to require disclosure of matters occurring before the grand jury and by its failure to grant a mistrial because of the admission of character evidence and evidence of the commission of another crime. He also challenges the admission into evidence of items he claims were seized as the result of an illegal search of appellant Goad's premises.

Appellant Goad joins in the challenge to the evidence seized in the search of his premises following his arrest, claiming alternatively that the search was incidental to an illegal arrest or that, if the arrest was legal, the search pursuant thereto exceeded permissible limits.

On September 20, 1968, state police authorities undertook to effect the arrests of Goad, Waymire, and a third man named Walton. At the time, the officers had been told by the F.B.I. that the three men were suspects in the Depew bank burglary and had been informed of their whereabouts through one officer's contact with an informer who had in the past given him reliable information. However, the warrants pursuant to which the officers were acting had been issued for violations of state laws.

The official state court records showed the case upon which the warrant for Goad's arrest was issued had been dismissed prior to his arrest. The Govern-

ment introduced evidence that the dismissal was a clerical error, and the court below held that the warrant was still valid at the time of arrest notwithstanding what the official state record reflected.

Because it was not argued, and in view of the disposition made hereinafter of Goad's conviction, it is unnecessary to discuss the very serious question of whether an official state court record can be collaterally attacked in a federal court proceeding as was done in this case.

The officers had been informed that Goad and Waymire were both at the farmhouse, so, as they approached, one of the officers shouted for both men to come out.

Goad finally appeared in the kitchen doorway where he was placed under arrest and removed to a patrol car. The officers then proceeded into the kitchen and through the remainder of the house.

In the kitchen one officer saw a cloth bag containing silver and currency sitting on top of the refrigerator. In the hallway beyond the kitchen, where were also several guns, was seen a hole in the ceiling, through which was protruding a portion of a gun. Upon removing the gun through the hole, the police discovered a case containing another gun and a sack containing currency that was wet and slightly burned.

In a bedroom was observed an open suitcase containing burglary tools and, lying in a cap on top of a dresser, was seen still more currency.

All these items were introduced into evidence at trial.

Items of the sort that could be used to burglarize a bank safe were found outside the house on the grounds and in a shed and brought to the attention of the F.B.I. subsequent to September 20, 1968, by the man who had leased the farm property to graze cattle upon and who had sublet the farmhouse to Goad. Of these items, those that were found on grounds or in a building under the control of the lessee were admitted into evidence.

■ Readily disposed of is Waymire's contention that error was committed by the court's failure to require disclosure of matters occurring before the grand jury.

The trial judge overruled his motion for such production on the basis that the grand jury proceedings had not been transcribed, and, hence, there was nothing that could be ordered disclosed. Relying on Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), Waymire contends that the Government has a duty to record all grand jury proceedings and to make such minutes available to every defendant. Its failure to do so, he asserts, renders the indictment fatally defective.

The short answer to this contention is that *Dennis* imposes no such requirement upon the prosecution, and such is not the rule in this circuit. Pinelli v. United Statees, 403 F.2d 998 (10th Cir. 1968); Wyatt v. United States, 388 F.2d 395 (10th Cir. 1968); Thompson v. United States, 381 F.2d 664 (10th Cir. 1967); McCaffrey v. United States, 372 F.2d 482 (10th Cir. 1967), cert. denied 387 U.S. 945, 87 S.Ct. 2078, 18 L.Ed.2d 1332 (1967.).

Waymire's second contention is equally lacking in merit. In essence, his argument is that the trial court should have granted a mistrial following either remarks relating to him during the officers' testimony regarding the events of September 20, 1968, or the testimony of a Government witness that Waymire and Goad had returned to Oklahoma from Kansas in Goad's car, in which he had observed burglary tools and an acetylene tank. The former testimony, he asserts, put his character in issue, despite the fact that he did not take the stand. The latter testimony he argues, is impermissible evidence of a crime other than the one for which he was on trial.

■■ Suffice it to say that neither of these allegations can be taken seriously. The testimony relating to the arrest scene is not character evidence, and the evidence tending to show he and Goad

were in possession of items with which a bank robbery could be accomplished had probative value with regard to the crime with which he was charged, assuming as he contends, that it is possible to infer from such possession that he might have committed some other criminal act. See Hanks v. United States, 388 F.2d 171 (10th Cir. 1968), cert. denied 393 U.S. 863, 89 S.Ct. 144, 21 L.Ed.2d 131 (1968).

This leaves the question of the legality of the search of Goad's residence, during the course of which were found money established to have been taken from the Depew bank, weapons and burglary tools. Not at issue is the search subsequently conducted upon the farm grounds and in another building at the invitation of the lessee of those grounds and the building.

Both appellants claim to be legally aggrieved by this search and seek reversal on the basis that the evidence taken during the search was illegally seized and should have been suppressed.

■ It is concluded that appellant Waymire has no standing under Fed.R. Crim.P. 41(e) to challenge the search and the admission of the evidence garnered during the search. He was not on the premises when the search was made, nor does he claim any possessory interest in the property. Further, he disclaims any interest in the evidence seized. Under such circumstances, there could have been no invasion of his privacy, and he is not an aggrieved person within the meaning of the rule. Thomas v. United States, 394 F.2d 247 (10th Cir. 1968), cert. denied 394 U.S. 931, 89 S.Ct. 1199, 22 L.Ed.2d 460 (1969).

Waymire has therefore presented no meritorious claim in his appeal, and his conviction must be affirmed.

In a different posture stands the challenge of Goad to his conviction.

In the court below, the argument on his motion to suppress revolved around whether his arrest was pursuant to a valid state warrant and, if so, whether he was arrested in the doorway of the farmhouse, so that the subsequent search of the premises was justified.

The trial judge, at the hearing on the motion, took evidence on the issue of whether the warrant was still outstanding and valid and concluded that it was. He further concluded from the arresting officers' testimony that Goad was arrested in the doorway leading from the outside into the kitchen of the house, so that the officers were in the house as a lawful incident to the valid arrest.

Some testimony was adduced which tended to show that the search of the premises may have been conducted in the belief that Waymire could be found in the house, so that the money, weapons, and burglary tools in plain sight within the house were subject thereby to valid seizure. However, this was not argued below, nor has it been on appeal.

■ Assuming, as the trial court held, that the sole basis for the search was the arrest of Goad, and without determining the validity of that arrest, the question of whether the search was nevertheless unlawful remains.

The arrest and search described above occurred at a time before a decision was rendered in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Judged by the standards obtaining before the *Chimel* decision, the search in this case is constitutionally offensive.

This is not a case where it can be said that the officers were in the house in order to effect the arrest and thereafter conducted a search as an incident of the arrest. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1946). Goad was arrested as he stood in the kitchen doorway. The arresting officers were outside of the house at the moment of arrest. None of the evidence seized during the subsequent search was in sight at the moment of Goad's arrest. It was only after Goad stepped outside and was removed to a patrol car that the officers entered the house and began to search it. Indeed, it was necessary that he remove himself from the doorway be-

fore entry into the kitchen could be effected, and he was in the patrol car during the entire period of time it took the officers to search the kitchen and the remainder of the house. Under such circumstances it cannot be said that the officers were in the house as a lawful incident of Goad's arrest. United States v. Holsey, 414 F.2d 458 (10th Cir. 1969).

Accordingly, the judgment and sentence in this case as against appellant Luther Jarold Goad, Jr., is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.