**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bobby BACA, a/k/a Robert Carlos Baca,**
**Defendant-Appellant.**

No. 71-1292.

United States Court of Appeals,
Tenth Circuit.

Dec. 13, 1971.

Scott McCarty, Albuquerque, N. M., for defendant-appellant.

Victor K. Sizemore, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., Michael P. Watkins, Asst. U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Before PICKETT, HILL and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal from a jury verdict of guilty of naroctics violations under 26 U.S.C. §§ 4705(a) and 7237(b).

The indictment charged Baca on four counts with receipt and concealment of heroin on March 13, 21, 28 and April 1, 1970, and four counts for sale of heroin on each of the above dates. A complaint was filed on August 12, 1970, with the United States Commissioner, and Baca was arrested on August 13. The indictment was returned on September 12, 1970; trial was had on December 14 and 15, 1970, with the guilty verdict resulting. Thereafter and prior to sentence, the United States Attorney filed a second offender information pursuant to 26 U.S.C. § 7237(c) (2). Baca denied he was the person against whom the prior conviction was entered; trial to a jury on the information was had; the jury found Baca identical to the person named in the information; and sentence was thereafter pronounced.

Baca argues that the trial court erred in failing to dismiss the indictment for three reasons. Firstly, the long delay between the alleged sales of heroin by him and the filing of formal charges by the government prejudiced Baca's defense. The alleged sales occurred on March 13, 21, 28 and April 1, 1970; filing of the formal complaint was delayed until August 12, 1970. A key witness to Baca's theory of defense had left Albuquerque and could not be located at the time of trial. Secondly, the specific location of the offenses was not set out in the indictment. The offenses were only characterized as occurring "at Albuquer-que." Thirdly, the government's failure to make and keep a transcript of the grand jury proceedings denied Baca access to materials he would have been entitled to use in the trial of his case. In addition, appellant urges that the trial court erred in failing to dismiss the second offender information because it was not based upon a grand jury indictment, and because the prior conviction relied upon was imposed at a trial at which appellant did not have effective assistance of counsel.

■ After a careful reading of the record, this Court is convinced that appellant's contentions are without merit. We find that the delay between the occurrence of the alleged offenses and the filing of formal charges was neither unnecessary nor prejudicial. Medina, an agent of the Bureau of Narcotics and Dangerous Drugs, had made the buys of heroin from Baca. Medina's effectiveness in the Albuquerque area as an undercover agent would have been destroyed by an earlier filing of formal charges. Betty Jean Landis is the "material" witness whose absence Baca alleges was prejudicial to his defense. She had been present at the first meeting between Baca and Medina. The supposed theory of defense which would have been supported by her testimony would be entrapment. Baca, however, did not admit the offenses charged, but argued instead that he had sold packets containing a sugar mixture, although analysis of the powder revealed it to be heroin. No efforts were made to subpoena Miss Landis at the time of trial. It is well established in this Circuit that prejudice is the controlling element in determining a claimed violation of the constitutional right to a speedy trial.[1] No prejudice resulted from the delay in the instant case; the Sixth Amendment rights of appellant were not violated. Dismissal of the indictment on this ground was properly denied.

■ The indictment sufficiently specified the place of the alleged offenses;

---

1. Trigg v. Moseley, 433 F.2d 364 (10th Cir. 1970).

it was not error to state only that the alleged offenses had occurred "at Albuquerque." This Court has held that an allegation of the place of commission of an offense as the City and County of Denver was not indefinite. Sepulveda v. United States, 415 F.2d 321 (10th Cir. 1969).[2] A bill of particulars could have been requested, had defendant desired a more precise location of the alleged offenses. This was not done. The trial court correctly refused to dismiss the indictment on this ground.

 Appellant's allegation that the government's failure to make and keep a transcript of the grand jury proceedings constituted reversible error is patently without merit. This Court has recently spoken on this point; we stated that "[t]here is no requirement that the proceedings of a grand jury be recorded and no error may be predicated upon the fact that a transcript was not provided when no transcript was taken." Nipp v. United States, 422 F.2d 509 (10th Cir. 1969) at 512, cert. denied Bishop v. United States, 399 U.S. 913, 90 S.Ct. 2213, 26 L.Ed.2d 569.[3] There was no error in refusing to dismiss the indictment on this ground.

 Appellant attacks the second offender conviction for two reasons, firstly because it was based on an information, rather than an indictment, and secondly because the prior conviction relied upon was obtained without the effective assistance of counsel being afforded the appellant. The statute[4] under which the second offender information was filed specifically directs that an information, rather than an indictment, shall be presented. This is a question of first impression in this Circuit. The Fifth Circuit has dealt with this question in Beland v. United States, 128 F.2d 795 (5th Cir. 1942), cert. denied 317 U.S. 676, 63 S.Ct. 157, 87 L.Ed. 543, reh'g denied 317 U.S. 710, 63 S.Ct. 205, 87 L.Ed. 566. That Court therein held that a conviction for recidivism based on an information did not violate the constitutional prohibition against holding any person to answer for a capital or otherwise infamous crime unless on presentation or indictment of a grand jury.[5] Beland is controlling.

 Likewise, we find no merit to appellant's contention that he was denied effective assistance of counsel at the time of the prior conviction. The trial judge held an evidentiary hearing on this point, and expressly found against Baca. We have reviewed the record of that hearing and agree with the trial judge. Effective assistance of counsel does not mean victorious counsel.[6] The burden on an appellant to establish a claim of ineffective assistance of counsel is a heavy one; he must show that due to his lawyer's ineptness the trial was a farce, a sham, or a mockery of justice.[7] Contrary to appellant's claim, the record establishes that counsel was effective in presenting a defense at the trial resulting in the prior conviction. We find no error in the conviction on the second offender information; the court below correctly denied the motion to dismiss that information on the above discussed grounds.

Affirmed.

---

2. See also Flores v. United States, 338 F.2d 966 (10th Cir. 1964), and Butler v. United States, 197 F.2d 561 (10th Cir. 1952).

3. See also United States v. Goad, 426 F.2d 86 (10th Cir. 1970).

4. 26 U.S.C. § 7237.

5. U.S.Const. Amend. V.

6. Brady v. United States, 433 F.2d 924 (10th Cir. 1970).

7. United States v. Roche, 443 F.2d 98 (10th Cir. 1971); Bruner v. United States, 432 F.2d 931 (10th Cir. 1970).