**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Floyd Edward IRELAND, Defendant-**
**Appellant.**

**No. 71–1333.**

United States Court of Appeals,
Tenth Circuit.

Feb. 22, 1972.

William K. Hickey, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Loyd G. Pearcy, Englewood, Colo., for defendant-appellant.

Before SETH and BARRETT, Circuit Judges, and MECHEM *, District Judge.

BARRETT, Circuit Judge.

Ireland was convicted on Count two of uttering and publishing a United States Treasury check with intent to defraud the United States in violation of 18 U. S.C.A. § 495. He was sentenced to four years and six months imprisonment. Jury was waived and trial was held to the Court. Ireland was acquitted on Count one which charged him with forging an endorsement on a United States Treasury check, under 18 U.S.C.A. § 495.

On or about April 22, 1970, Ireland intercepted a United States Treasury check, an income tax refund, made payable to his mother-in-law, Mrs. Puchosky. He uttered and published the check, knowing that the payee's signature had been forged. Both the names "Sadie M. Puchosky" and "Floyd E. Ireland" appeared as signature endorsements on the back of the check.

Ireland was arrested on December 12, 1970 for drunk and disorderly conduct and jailed in Commerce City, Colorado. The local police phoned Secret Service

---

* Of the District of New Mexico, sitting by designation.

Agent Stanley Belitz that same day. They related that Ireland had been arrested. They contacted Belitz because they had become aware of the fact that Belitz had issued a "hold" notice on Ireland to question him about the Puchosky check. On December 14, 1970 Belitz went to Commerce City and talked to Ireland. Belitz fully informed Ireland of his constitutional rights. He then showed the Puchosky check to Ireland. Ireland admitted that he had endorsed his own name on the check and negotiated it; that he had signed his mother-in-law's name and address on the check; that he had cashed the check for $61.36 at Zick's Market; and that he had taken the check from a mailbox at the Puchosky home at 1125 Galapago Street in Denver.

After the interrogation, Belitz received authorization to file a federal complaint against Ireland from the Assistant United States Attorney. On December 15, 1970, Ireland was arrested and transported to Denver; on the same day he was taken before a United States Commissioner. That same day, Ireland signed a written statement of his confession.

During the trial Mrs. Puchosky testified that she did not receive the check; that the endorsement of her name was not her signature; that Ireland's endorsement of his own name resembled his handwriting and that she had not given anyone permission to sign her name.

John Zick, co-owner of Zick's Market, identified his store's bank deposit stamp on the back of the check. He did not know who cashed the check or who presented it for payment.

Ireland testified that he received medication for hemorrhaging at the Commerce City jail and that it had caused him to feel dizzy and numb at the time of his confession to Agent Belitz. He stated that he remembered only part of the events of his admissions about the Puchosky check. He denied that he placed the name of Sadie Puchosky on the check. He stated that he intercepted the check as it was being taken from Mrs. Puchosky's mailbox by juveniles and that he gave it to his wife.

The trial court held that Ireland's confession was voluntary and that his testimony was inconsistent and untruthful in part. The Court found that Ireland obtained the check from his mother-in-law's mailbox and that he uttered and published the check with intent to defraud the United States.

Ireland alleges on appeal that: (1) a proper foundation was not laid for the admission of Exhibit #1, the check; (2) Exhibit #2, the advice of rights and waiver of counsel, should have been excluded for failure of the arresting officer to take him before a commissioner within a reasonable time; (3) he was not competent to make oral and written admissions against his interest because of medication or intoxication; and (4) the evidence does not support the judgment of guilty.

 Ireland alleges that no foundation was laid for the admission of Exhibit #1 because no exemplar of his handwriting was introduced in evidence for a comparison and that the only testimony linking him to the check was Mrs. Puchosky's testimony that his signature looked like his handwriting. This argument is inapposite because he was acquitted on a forgery count. Ireland was convicted of uttering the check, knowing that the payee's signature was false. His signature does not have to be compared to his endorsement to sustain his guilt on Count two. Mrs. Puchosky testified that she did not sign her name to the check. Her signature was forged. The check was properly admitted into evidence. Writings which are sufficiently authenticated are admissible in evidence if they are relevant. 4 Orfield, Criminal Procedure Under the Federal Rules, § 26.692 (1967). The check was relevant to show that Ireland uttered and published it knowing that it had the false signature of Mrs. Puchosky. The check was sufficiently identified by Mrs. Puchosky and Mr. Zick to establish its authenticity. The trial judge did not

abuse his discretion by admitting it into evidence. United States v. Diggs, 423 F.2d 1194 (4th Cir. 1970); United States v. Sutton, 138 U.S.App.D.C. 208, 426 F.2d 1202 (1969). The record discloses an adequate basis for the ruling admitting the check in evidence.

Ireland alleges that he was not taken before a commissioner within a reasonable time, interpretive of the McNabb-Mallory rule, and that consequently his confession, Exhibit #2, is inadmissible. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943); Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). Agent Belitz did not question Ireland until December 14, 1970. He was not charged with a federal violation until December 15, 1970, when he was taken before a United States Commissioner. Ireland contends that a delay of three days total expired between the time of his arrest on the state charge and his arraignment on the federal charges. Ireland makes no contention that his arrest by state officials was illegal or that his detention was unlawful.

■■■ Rule 5(a), Fed.R.Crim.P. requires that an arrested person be taken without unnecessary delay before the nearest available commissioner. The rule applies only to federal officials. It cannot be violated until the accused is taken into federal custody. Daro v. United States, 380 F.2d 23 (10th Cir. 1967); Walton v. United States, 334 F.2d 343 (10th Cir. 1964), cert. denied 379 U.S. 991, 85 S.Ct. 706, 13 L.Ed.2d 612 (1965); Hollingsworth v. United States, 321 F.2d 342 (10th Cir. 1963). Accordingly the time that Ireland was in the custody of the local authorities is not considered as federal custody. There was no unnecessary delay in bringing Ireland before a commissioner after he was arrested by federal authorities on December 15th. He was arraigned on the same day. Morales-Gomez v. United States, 371 F.2d 432 (10th Cir. 1967); Butterwood v. United States, 365 F.2d 380 (10th Cir. 1966), cert. denied 386 U.S. 937, 87 S.Ct.

960, 17 L.Ed.2d 810 (1967); Swift v. United States, 314 F.2d 860 (10th Cir. 1963). It was not improper for Agent Belitz to interview Ireland while he was in state custody and before he was arrested on a federal warrant. Hayes v. United States, 419 F.2d 1364 (10th Cir. 1969), cert. denied 398 U.S. 941, 90 S.Ct. 1856, 26 L.Ed.2d 276 (1970); Mares v. United States, 383 F.2d 811 (10th Cir. 1967), cert. denied 390 U.S. 961, 88 S.Ct. 1060, 19 L.Ed.2d 1157 (1968); Hollingsworth v. United States, supra.

■■ Ireland contends that the Court should have heard testimony about the presence or absence of any interaction between the federal and state arresting officers. No evidence of any interaction was offered at the trial. A bare suspicion that there was cooperation between the two agencies designed to deny fundamental rights is not sufficient, and will not justify reversing the trial judge who had the benefit of hearing the testimony and observing the demeanor of the witnesses. United States v. Chadwick, 415 F.2d 167 (10th Cir. 1969); Butterwood v. United States, supra; Young v. United States, 344 F.2d 1006 (8th Cir. 1965), cert. denied 382 U.S. 867, 86 S.Ct. 138, 15 L.Ed.2d 105 (1965).

Ireland alleges that when he made admissions to Agent Belitz he was overborne and that his capacity for self determination was impaired because he had been hemorrhaging and was treated by a physician during the night before the interview. He testified that he had taken medication immediately before the interview. Agent Belitz testified that Ireland was slouched in a chair during the interview and that he did not frequently look him in the eye; that he spoke plainly; that his gaze was slightly to the right; that his eyes were clear; that he showed no sign of any injuries and no sign of medication. Belitz said that he did not know about any illness until the next day.

■■ The test in determining whether a confession was voluntary is whether the confession was in any way coerced

so as not to be the product of a free and independent will of the confessor. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); Blackburn v. Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960); Bell v. Patterson, 402 F.2d 394 (10th Cir. 1968), cert. denied 403 U.S. 955, 91 S.Ct. 2279, 9 L. Ed.2d 865 (1971); Leighton v. Cox, 365 F.2d 122 (10th Cir. 1966); Pate v. Page, 325 F.2d 567 (10th Cir. 1963), cert. denied 379 U.S. 909, 84 S.Ct. 977, 11 L.Ed.2d 974 (1964).

■ Ireland argues that the Court, while it heard extensive testimony about his physical condition at the time of the confession, should have heard separate testimony on the issue of the medications involved, the severity of his impairment and medical facts concerning his state of mind at the time of the admission. Although Ireland now complains, the record is barren of any offer made by him at trial to present such medical testimony. From an examination of the entire record, we hold that his confession was properly admitted into evidence.

■ Ireland also argues that the evidence does not support the judgment of guilty because his conduct was in the nature of fraud and not forgery or because he perpetrated a misrepresentation as to his authority to cash the check rather than a forgery thereof. This argument is specious. He alleges that the conviction was for affixing his name on the check. He is mistaken. He was convicted for uttering and publishing the check knowing that the endorsement of Mrs. Puchosky's name was falsely made and forged, coupled with his intent to defraud the United States. There is no evidence justifying any defense of "agency" between Ireland and Mrs. Puchosky in uttering and passing the check. He was acquitted of the forgery charge.

On appeal, the evidence must be viewed in the light most favorable to the government in order to determine if the evidence, direct and circumstantial, coupled with all reasonable inferences to be drawn therefrom, is substantial in justification of the judgment of guilt beyond a reasonable doubt. Chapman v. United States, 443 F.2d 917 (10th Cir. 1971); United States v. Kellerman, 432 F.2d 371 (10th Cir. 1970); Lewis v. United States, 420 F.2d 1089 (10th Cir. 1970); Cotton v. United States, 409 F.2d 1049 (10th Cir. 1969), cert. denied 396 U.S. 1016, 90 S.Ct. 577, 24 L.Ed.2d 507 (1970); Mares v. United States, 409 F. 2d 1083 (10th Cir. 1968), cert. denied 394 U.S. 963, 89 S.Ct. 1314, 22 L.Ed.2d 564 (1969). Viewing the evidence in favor of the prosecution, we hold that there was substantial evidence justifying the Court's finding that Ireland was guilty of uttering and publishing the United States Treasury check.

■ During oral argument it was alleged that there were inconsistent judgments because Ireland was convicted of uttering the check and not forging the payee's signature. Even though the case was tried to the Court, we adhere to the general rule that, since uttering and forging are separate offenses, consistency in the verdict is not necessary. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); Speers v. United States, 387 F.2d 698 (10th Cir. 1967), cert. denied 391 U.S. 934, 88 S.Ct. 1844, 20 L.Ed.2d 853 (1968); Maxfield v. United States, 360 F.2d 97 (10th Cir. 1966), cert. denied 385 U.S. 830, 87 S.Ct. 67, 17 L.Ed.2d 66 (1966).

Affirmed.