**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Anthony DeLUZIO, Defendant-Appellant.**

**No. 71-1325.**

United States Court of Appeals,
Tenth Circuit.

Jan. 18, 1972.

Rehearing Denied March 13, 1972.

. Stephen E. Connor, Denver, Colo., for defendant-appellant.

W. Allen Spurgeon, Asst. U. S. Atty. (James L. Treece, U. S. Atty., and Milton C. Branch, Asst. U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a judgment of conviction entered on April 7, 1971, for violation of 18 U.S.C. § 1503, obstructing justice.

A federal grand jury was impaneled in the United States District Court for the District of Colorado on or about October 6, 1970. On February 1 and 2, 1971, this grand jury was investigating possible violations of 18 U.S.C. §§ 892–894, making, financing and collecting extortionate extensions of credit. A Mr. Anthony W. Durbano was subpoenaed to testify before the grand jury. Based on Durbano's testimony, Mr. DeLuzio was indicted for violation of 18 U.S.C. § 1503. Durbano testified at the trial that he had secured certain loans from a Mr. Chauncy Smaldone to pay gambling debts, and that he paid interest at the rate of $5.00 per hundred per week. DeLuzio allegedly directed Durbano to tell the grand jury nothing about loans, but that he had borrowed the money from the cash register at Gaetano's Restaurant, Durbano's place of employment, and had paid no interest thereon. A jury verdict of guilty was returned based on Durbano's testimony.

Appellant presents three arguments for reversal of the conviction. He argues denial of his constitutional right to a fair and impartial trial because of the prejudicial effect of pretrial publicity. Articles appeared in the Denver newspapers concerning the charge in the instant case, as well as various gambling activities and burglaries with which appellant had been charged. DeLuzio's motion for a continuance predicated upon pretrial publicity was denied by the trial court. Secondly, appellant contends that the evidence was insufficient to support the conviction. Thirdly, appellant urges that the trial court erred in admitting testimony of non-related crimes allegedly committed by DeLuzio.

We find appellant's contention that it was error to deny a continuance because of prejudicial pretrial publicity to be without merit. This Court is aware that the continuance is a very practical method of handling a case receiving pretrial publicity.[1] It is apparent from a reading of the record that the trial judge made every effort to assure a jury unprejudiced by pretrial publicity. A comprehensive voir dire examination was conducted to eliminate any prospective jurors who had read or heard of Mr. DeLuzio, and one prospective juror was excused for this reason. One of the twelve jurors was excused during the trial when he realized he had certain in-

---

1. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966).

direct knowledge of the case. The trial continued with the prosecution and defense stipulating to a jury of eleven. It is within the discretion of the trial judge to grant or deny a motion for continuance. Refusal to grant the motion will not be disturbed on appeal absent a clear abuse of discretion by the trial judge.[2]

 The law will not presume that those jurors who asserted their ability to decide the facts of the case objectively were both exposed to the pretrial publicity and were prejudiced thereby.[3] We can only agree with the observation made by the trial judge that people often read very little of the public press. No abuse of discretion in denying the motion for continuance has been shown; appellant was not denied his constitutional right to a fair and impartial trial because of pretrial publicity.

 We do not find the evidence insufficient to support the conviction. If the evidence presented at the trial, viewed in the light most favorable to the government, is sufficient to justify a jury verdict of guilty beyond a reasonable doubt, that evidence is sufficient to support the conviction.[4] Applying this standard to a careful reading of the record, there is sufficient evidence to sustain the conviction.

 Appellant urges error by the trial court in admission of testimony of non-related crimes allegedly committed by him. This Circuit has recently dealt with admission of evidence of collateral criminal offenses. Generally such evidence is not admissible.[5] In this case, the record discloses that such evidence came in on the cross-examination of witness Durbano by counsel for DeLuzio. However, no objection to or motion to strike this evidence was made contemporaneous with the testimony to which appellant now points error. One must make timely and proper objection to alleged error if he wishes to preserve it for appellate review.[6] Absent a contemporaneous objection, alleged error will be reviewed on appeal only if it constitutes plain error.[7] The references to DeLuzio's other activities were not so inflammatory or frequent so as to constitute plain error. Several of the objectionable questions were withdrawn and the jury was instructed to disregard a response from Durbano dealing with DeLuzio's other activities. Therefore we find no error in admission of the testimony in question.

Affirmed.

2. United States v. Julian, 450 F.2d 575 (10th Cir. 1971); United States v. Ledbetter, 432 F.2d 1223 (10th Cir. 1970); United States v. Engleston, 417 F.2d 11 (10th Cir. 1969).

3. See Welch v. United States, 371 F.2d 287, 290–1 (10th Cir. 1966), cert. denied, 385 U.S. 957, 87 S.Ct. 395, 17 L.Ed.2d 303.

4. Sinclair v. Turner, 447 F.2d 1158 (10th Cir. 1971); Goff v. United States, 446 F.2d 623 (10th Cir. 1971).

5. United States v. Clayton, 450 F.2d 572 (10th Cir. 1971).

6. United States v. Nelson, 448 F.2d 1304 (10th Cir. 1971).

7. United States v. Wheeler, 444 F.2d 385 (10th Cir. 1971); United States v. Adams, 422 F.2d 515 (10th Cir. 1970).