**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Wayne HEDGES, Defendant-
Appellant.**

**No. 71–1622.**

United States Court of Appeals,
Tenth Circuit.

March 24, 1972.

Thomas J. Caenen, Shawnee Mission, Kan. (Richard W. Niederhauser, Mission, Kan., and H. Jackson Zinn, Shawnee Mission, on the brief), for defendant-appellant.

Adrian M. Farver, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., on the brief), for plaintiff-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a conviction by a jury in the United States District Court for the District of Kansas of violation of 18 U.S.C. § 1792, which prohibits the conveyance of dangerous instrumentalities into or within federal penal institutions, and 18 U.S.C. § 751, which prohibits escape from confinement in an institution under the direction of the United States Attorney General.

On October 5, 1970, a "lowboy" trailer truck loaded with lumber from the furniture factory was stopped for a customary search in a sally port of the United

States Penitentiary at Leavenworth as the truck was leaving the penitentiary. The sally port is used as a truck entrance at the Leavenworth penitentiary, and although outside the walls, is a part of the penitentiary proper and is subject to security arrangements. Appellant was found concealed in a tool compartment of the trailer. Hedges was taken into the sally port where a preliminary search was conducted. As appellant had been handcuffed, the guards at the sally port removed Hedges' pants. At that time a homemade knife fell to the floor. Based on these facts, appellant was convicted in the trial court of attempted escape and conveyance of a dangerous instrumentality within a federal penal institution.

Appellant raises numerous points of error in this appeal; they are hereafter summarized to facilitate the consideration of same. Hedges argues that the trial violates the Fifth Amendment prohibition of double jeopardy, as he had already received administrative punishment for the escape attempt. Claim of prejudicial error is based upon failure to record the proceedings of the grand jury which indicted Hedges. Appellant levels a two-pronged attack at the indictment, in that the facts as related therein do not constitute a crime within the purview of 18 U.S.C. § 1792,[1] and that the trial court erred in dismissing the first indictment, which only charged a violation of 18 U.S.C. § 1792, and in allowing prosecution upon a second indictment, charging a violation of 18 U.S.C. § 751 as well as § 1792. Prejudicial error was allegedly committed by the trial court when Hedges' motion for a bill of particulars was denied. Appellant argues

that numerous other errors were committed both before and at trial by the trial judge. Prejudicial error is predicated on certain instructions as given, as well as in refusing to instruct the jury as requested by the defense. Finally, insufficiency of the evidence to support the conviction is asserted. This Court finds no merit in any of appellant's contentions.

■■■■ Appellant asserts that the administrative punishment he received as a result of the escape attempt renders the trial a violation of the Fifth Amendment prohibition of double jeopardy. From the record, it appears that 543 days of good behavior time were administratively forfeited by Hedges because of the attempted escape. Grant or denial of good behavior time is a matter totally within the discretion of penal authorities.[2] It is established in this Circuit that administrative punishment does not render a subsequent judicial prosecution violative of the Fifth Amendment prohibition of double jeopardy. Hutchison v. United States, 450 F.2d 930, 931 (10th Cir. 1971).[3] The double jeopardy clause of the Fifth Amendment was thus not violated here.

■■■■ The claim of prejudicial error for failure to record the proceedings of the grand jury which indicted Hedges is without merit. This Court has repeatedly stated that it is not error to fail to record grand jury proceedings.[4] No error thus resulted in failure to record the proceedings.

■■■■ We do not find the indictment defective for either of the reasons advanced by appellant. The parties to this appeal agree that 18 U.S.C. § 1792 pro-

---

1. 18 U.S.C. § 1792 Mutiny, riot, dangerous instrumentalities prohibited . . . Whoever conveys into such institution, or from place to place therein, any firearm, weapon, explosive, or any lethal or poisonous gas, or any other substance or thing designed to kill, injure, or disable any officer, agent, employee, or inmate thereof, or conspires so to do—[s]hall be imprisoned not more than ten years.

2. Hale v. United States, 307 F.Supp. 345, 346 (W.D.Okl.1970).

3. *See also* Keaveny v. United States, 405 F.2d 821, 822 (5th Cir. 1969).

4. United States v. Baca, 451 F.2d 1112 (10th Cir. 1971); United States v. Goad, 426 F.2d 86 (10th Cir. 1970); Nipp v. United States, 422 F.2d 509 (10th Cir. 1969), cert. denied 399 U.S. 913, 90 S.Ct. 2213, 26 L.Ed.2d 569.

scribes conveying a dangerous instrumentality "from place to place" within a federal penal institution. Appellant, however, argues that this is an instance of carrying such instrumentality out of said institution. The sally port wherein appellant was discovered undeniably constitutes a part of the United States Penitentiary at Leavenworth. We hold that the area in question is a "place" within the meaning of 18 U.S.C. § 1792. Appellant further attacks the indictment on the grounds that it is not based on facts showing a "conveyance" from place to place. On appeal, the standard of review of the evidence presented in a criminal case includes viewing all reasonable inferences which can be deduced from said evidence.[5] Proof of possession of an instrumentality under certain circumstances permits the inference that there had been an earlier conveying of the instrumentality from another place to the point of discovery.[6] It is reasonable to infer that the knife in question was conveyed from the place where Hedges entered the trailer to the sally port where he was discovered. The requisites for a violation of 18 U.S.C. § 1792 are thus present.

We find no prejudice to appellant in the trial court's dismissal of the first indictment and failure to dismiss the subsequent indictment. Dismissal of an indictment is discretionary with the trial court.[7] The Second Circuit has held that dismissal of an indictment based on illegally seized evidence does not bar a subsequent indictment based on legally seized evidence involving the same transaction. United States v. Giglio, 232 F.2d 589 (2d Cir. 1956), aff'd sub nom. Lawn v. United States,

355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958). We find the rationale of that case analogous; no prejudice accrued to appellant by dismissal of the prior indictment and failure to dismiss the subsequent indictment. Further, multiple offenses may properly be charged in separate counts of an indictment if said offenses arise out of the same act or transaction. F.R.Crim.P. 8(a). This is the situation in the instant case. We find no error in indicting for two offenses which were committed in the same transaction.

It was not error to deny Hedges' motion for a bill of particulars. Grant of a bill of particulars is within the trial court's discretion. Exercise of this discretion will not be disturbed on appeal absent an abuse of discretion such that the accused was denied information which would have more specifically defined the offense charged.[8] Appellant Hedges was sufficiently apprised of the charges herein; there was no abuse of discretion in denial of the motion for a bill of particulars.

Various errors were allegedly committed both before and at trial by the trial judge. A reading of the record reveals that no such errors were committed. The trial judge's questions to the psychiatrist and comments to the jury were merely for the purpose of clarification. The issue of Hedges' sanity was never effectively placed in issue. A defendant has the burden of introducing evidence sufficient to impair the legal presumption of criminal responsibility.[9] Only when this presumption has been impaired does the burden of proving sanity shift to the government.[10] In the

---

5. United States v. Ireland, 456 F.2d 74 (10th Cir, 1972); United States v. DeLuzio, 454 F.2d 711 (10th Cir. 1972).

6. *See* United States v. Bedwell, 456 F.2d 448 (10th Cir. 1972); United States v. Roche, 443 F.2d 98 (10th Cir. 1971).

7. United States v. Birrell, 242 F.Supp. 191, 205 (S.D.N.Y.1965).

8. United States v. Gleeson, 411 F.2d 1091 (10th Cir. 1969).

9. United States v. Currier, 405 F.2d 1039 (2d Cir. 1969), cert. denied 395 U.S. 914, 89 S.Ct. 1761, 23 L.Ed.2d 228. *See also* Wolcott v. United States, 407 F.2d 1149 (10th Cir. 1969), cert. denied 396 U.S. 879, 90 S.Ct. 156, 24 L.Ed.2d 137.

10. Davis v. United States, 364 F.2d 572 (10th Cir. 1966); Phillips v. United States, 311 F.2d 204 (10th Cir. 1962).

instant case the presumption of sanity was never impaired. Appellant's rights were not prejudiced at any stage of the proceedings.

Appellant contends that prejudicial error resulted in the court's refusal to give two of Hedges' tendered instructions, and further that the instructions as given do not correctly state the law. This argument is patently without merit; the record supports this conclusion.

Appellant additionally urges that the evidence is insufficient to support the conviction. On appeal of a criminal conviction, the evidence is viewed in the light most favorable to the government to ascertain if there is sufficient substantial proof, both direct and circumstantial, together with reasonable inferences to be drawn therefrom, from which a jury might find a defendant guilty beyond a reasonable doubt.[11] Applying this standard to the evidence presented in the trial court, we find the evidence sufficient to support the conviction.

Affirmed.

---

11. United States v. Ireland, 456 F.2d 74 (10th Cir. 1972); United States v. DeLuzio, 454 F. 2d 711 (10th Cir. 1972).