**UNITED STATES of America, Appellee,**

v.

**Ed J. HAGEN, Appellant.**

**No. 72–1303.**

United States Court of Appeals, Tenth Circuit.

Dec. 5, 1972.

Leslie H. Wald and Stanley L. Drexler, Denver, Colo. (Robert W. Pittman, Oklahoma City, Okl., with them on the brief), for appellant.

John B. Owens, Jr., Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, John P. Burke, and John R. Lusk, Attys., Tax Div., Dept. of Justice, and William R. Burkett, U. S. Atty., of counsel, with him on the brief), for appellee.

Before JONES*, SETH and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

Defendant Hagen was convicted on two counts of wilfully and knowingly attempting to evade income taxes by filing or causing to be filed with the District Director of Internal Revenue fraudulent tax returns on behalf of himself and his wife for the years 1964 and 1965. He has taken this appeal.

The defendant was in business as a broker-dealer of securities, and he also sold life insurance. The Government purportedly based its prosecution on the net worth plus nondeductible expenditures method of showing unreported income. The Government also introduced evidence of specific items of unreported income for the stated purpose of proving wilfulness. The specific items of unreported income aggregated more than was shown by the evidence relating to increased net worth.

At the conclusion of the Government's case, the defense declined to offer any evidence, and rested. The jury returned a verdict of guilty on both counts.

The defendant-appellant's principal point on appeal is not that the net worth method was used, but that the trial court should not have permitted the Government to also introduce evidence as to specific items of unreported income to an extent that such proof changed the theory of the case or in any event overshadowed the net worth proof. He also asserts that it was error because he was surprised by it; because the jury was confused by it; there was a variance created with the Bill of Particulars; and the instructions covered only the net worth aspects. The defendant also asserts that the trial court did not instruct on his theory of the case.

The record does not support the contention of defendant that specific item evidence came as a surprise, and thus he was not prepared to meet it.

However, the extent of it may have been greater than anticipated. The record shows that copies of schedules of unreported income in the possession of the United States Attorney were sent to the defendant at the request of defendant's attorney before trial. These were, however, not extensive. Responding later to a motion for a Bill of Particulars, the Government refused to divulge other items of unreported income on the ground that these were evidentiary matters. In its opening statement the Government stated that it would prove wilfulness by showing defendant's failure to report specific items of income. Also the defendant in his opening statement stated that explanation would be made of certain asserted specific items. Reference was also made to specific items in the Government's long trial brief. Thus before the trial began the defendant was put on notice that the case would be one of net worth with specific items. During the course of the trial the specific item proof began to assume a larger part of the evidence and at the end it became difficult to say whether it still was a net worth case. This is the basis of the objection on appeal. According to the appellant's brief the biggest jolt came when the Government introduced a sixteen page summary of omitted specific items, the total of which exceeded in amount the net worth increases. This indeed made the case difficult to categorize, and the wilfulness purpose and "likely source" purpose of such evidence appears secondary. The nature and order of proof, and adherence to a stated theory are matters within the trial court's discretion. No objection was made by defendant during the Government's case to evidence of specific items, nor were requests for continuance made. Furthermore, no objection was made during the Government's case to the use of the net worth method. It is obvious from the record that defendant's attorney was familiar with the limitations placed on the net worth method. Thus as to the asserted surprise issue, we find no error, and in any event there has been no showing of plain error to warrant consideration of the issue of surprise on this appeal. See United States v. DeLuzio, 454 F.2d 711 (10th Cir.), and United States v. Wheeler, 444 F.2d 385 (10th Cir.).

■ Defendant argues next that there was no independent proof of wilfulness. He asserts that the Government merely had its witnesses testify twice to the same matters in an attempt to confuse and prejudice the jury into finding wilfulness. We cannot agree. The testimony relative to specific items of unreported income showed that defendant had from time to time deposited the proceeds from the sale of stock to his personal account, in some instances identifying the deposits in his check register as the repayment of loans that he had made. Other testimony relative to specific items of unreported income showed that defendant had failed to report accurately monies he had received as commissions for selling life insurance, or had understated them as to the amount. This is proper testimony to show wilfulness of the defendant, and we find no error in its admission into evidence.

The defendant urges that the instructions were erroneous because he asserts they treated only the net worth method, and that in general terms. The defendant did not object to the instructions given on the ground here urged. He tendered some instructions but withdrew them. Thus the court had no requested instructions from defendant, and no objections directed to the issue here raised. The objections made by defendant to the instructions read in part:

"MR. PITTMAN: As indicated prior to the reading of the instructions, I would at this time, effective as of that time, like to withdraw my requested instructions that relate in any manner to the net worth, plus nondeductible expenses, method of proof, and object to all of the Court's instructions relating to this method of proof on the ground and for the reason that the government's evidence in this case failed to meet the standard

as to when this method may be used under the doctrine as laid down in the United States versus Holland case and the United States versus Spies case, and other well known cases in the net worth theory. The only other objection I have to—."

This was followed by discussions of instructions pertaining to reasonable doubt, and to evidence consistent with both guilt and innocence. The above quoted objection also pertains to the point above discussed relative to wilfulness.

Reading the instructions given as a whole, we find them to be sufficient. They properly covered the net worth case and were otherwise sufficiently specific to guide the jury as to the issues before it.

██ Considering further the above quoted objection as directed to the use of the net worth theory under Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150, it must be held to have come too late. It was directed to instructions relative to the method and came after the sides had rested and the case was about to be submitted to the jury. Again, the defendant at the outset was advised of the course of action the Government was going to follow and had adequate opportunity to raise the issue by motion or objections. In any event the Government followed and met the requirements of Holland v. United States. The evidence of specific items was proper as indicated to show wilfulness, but it was also proper to show a likely source under Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 and United States v. Calderon, 348 U.S. 160, 75 S.Ct. 186, 99 L.Ed. 202. We also find no variance of the proof with the Bill of Particulars.

██ As to defendant's contention that the trial court did not instruct the jury so as to allow it to consider the defendant's theory of the case, we also find no error. As stated above, the defendant requested no instructions on his theory of the case, and is therefore not entitled to consideration of the claimed error. See McMurray v. United States, 298 F.2d 619 (10th Cir.). Furthermore, before an instruction may be given, it must have some foundation in the evidence, and we find no such foundation here.

Affirmed.