UNITED STATES of America,

v.

**Herbert J. WALLACE, Herman D. Wallace, William J. Huggins, Walter I. Huggins and William Moore, Defendants.**

**No. 67 Cr. 392.**

United States District Court
S. D. New York.

July 7, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, by John R. Bartels, Jr., Asst. U. S. Atty., New York City, for the United States.

M. Arthur Hammer, New York City, for defendants William J. and Walter I. Huggins.

MANSFIELD, District Judge.

The defendants William J. Huggins ("William" herein) and Walter I. Huggins ("Walter" herein), who are charged in Count 2 of a three-count indictment with having received and possessed money stolen from Manufacturers Hanover Trust Company in violation of Title 18 U.S.C. § 2113(b), have moved, pursuant to Rule 41(e), F.R.Crim.P., for suppression of (1) evidence seized on March 31, 1967, pursuant to a search of William's residence at Apartment 5F, 1671 Vyse Avenue, Bronx, N. Y.; and (2) statements obtained by agents of the Federal Bureau of Investigation ("FBI" herein) on the same date from William and Walter allegedly in violation of their Constitutional rights.

The Government concedes that the search and seizure was without a warrant, but contends that it was conducted pursuant to the express consent of William and his wife, and that the state-ments were obtained only after fully and fairly advising William and Walter of their Constitutional rights, and obtaining from them a voluntary waiver of such rights.

On June 23 and 30, 1967, the Court held a hearing on the motions, at which evidence was offered by both parties, including testimony of Special Agents Kenneth M. Rommel, Jr., Arthur E. Davidson and Samuel Matson of the FBI and of Laura Huggins (William's wife), William and Walter, and various documentary exhibits.

After observing each of the witnesses testify and carefully determining the weight of credibility to be extended to the testimony of each, the Court finds as follows:

## FINDINGS OF FACT

1. On the morning of March 31, 1967, Agent Matson, accompanied by Agent Morrison, after identifying themselves to William at his residence, Apartment 5F, 1671 Vyse Avenue, Bronx, N. Y., lawfully arrested him pursuant to a warrant issued for his arrest, and fully advised him of his Fifth and Sixth Amendment rights, including the right to have legal counsel who would be appointed by the Court if he could not afford counsel. Another warning, advising William of his same rights, was given shortly thereafter by Agent Rommel, upon his arrival at the apartment. William, although under arrest and handcuffed, was allowed to make a phone call to his mother.

2. Later on the morning of March 31, 1967, William was escorted to the offices of the FBI at 201 East 69th Street, Manhattan, where he was furnished with food, photographed, fingerprinted, again warned of his same Constitutional rights, and interviewed. William, who attended school to the 11th grade and could read and understand English, then agreed to waive his rights and to give a statement to the FBI. Thereupon Agent Matson read to Wil-

liam a typewritten statement of his same Constitutional rights and waiver, which William signed after acknowledging that he understood its contents. A copy of the statement of waiver (Government's Ex. 7) is shown in the Appendix.

3. After signing the waiver, William gave a statement to the FBI containing admissions, and advised the FBI agents that money stolen from the bank was hidden in the refrigerator of the kitchen of his apartment. After being advised by Agent Matson that he had a Constitutional right not to have his apartment searched without a warrant, William agreed to permit Agents Matson and Davidson to search his apartment. He thereupon voluntarily signed a consent to the search being made, after the consent (Government's Ex. 2, a copy of which is shown in the Appendix) was read to him and he acknowledged that he understood it.

4. After obtaining the aforementioned consent to a search from William, Agents Matson and Davidson at about 11:30 A.M. on March 31, 1967, proceeded to William's apartment at 1671 Vyse Avenue, Bronx, N. Y., where they identified themselves to his wife, advised her that William had admitted having the money in the refrigerator and had consented to their searching the apartment but that she did not have to let them enter and search if she did not want to do so. She then voluntarily admitted them to the apartment where they seized the money found in the kitchen refrigerator.

5. William's wife, Laura Huggins, a high school graduate able to read and understand English, then proceeded with Agents Matson and Davidson to the FBI offices at 201 East 69th Street, Manhattan, where she was advised of her Consitutional rights, including the right not to have the family's apartment searched without a warrant, and voluntarily executed a waiver of rights and a confirmation of her consent to the search of the apartment, after first having it read to her and acknowledging the contents. (Government's Exs. 8 and 9)

6. On the morning of March 31, 1967, Agent H. Edward Morrison of the FBI proceeded to the home of Walter, where he identified himself and was invited by his sister to enter. He advised Walter that he was not under arrest. At his request Walter than accompanied him to the FBI offices at 201 East 69th Street, Manhattan.

7. Agents Morrison and Davidson advised Walter fully of his Fifth and Sixth Amendment rights. He then voluntarily consented to waive his rights and give them an oral statement. Thereupon he executed two forms acknowledging that he had been advised of his rights and waiving them (Government's Ex. 5), after having the same read to him and acknowledging that he understood them. He then gave a written statement to the FBI containing certain admissions.

None of the aforementioned waivers or consents was obtained by force, threats, promises or misrepresentations.

## CONCLUSIONS OF LAW

■ 1. The search of the apartment of Mr. and Mrs. William Huggins, Apt. 5F, 1671 Vyse Avenue, Bronx, N. Y., which resulted in the seizure sought to be suppressed was lawfully carried out pursuant to the express consents of William Huggins and his wife, intelligently and voluntarily given after being fully advised of their Constitutional rights, including their right not to have such a search made without a warrant, and after acknowledging that they fully understood these rights.

■ 2. The statements given by William and Walter to the FBI were lawfully obtained after they were fully advised of their Fifth and Sixth Amendment rights and decided voluntarily, intelligently and with full knowledge of their rights to waive such rights and to give the statements.

The motions to suppress are denied.

So ordered.

◼◼◼◼

APPENDIX

YOUR RIGHTS      PLACE _nyc_

                 DATE _3/31/67_

                 TIME _11 15 Am_

BEFORE WE ASK YOU ANY QUESTIONS, YOU MUST UNDERSTAND YOUR RIGHTS.

YOU HAVE THE RIGHT TO REMAIN SILENT.

ANYTHING YOU SAY CAN BE USED AGAINST YOU IN COURT.

YOU HAVE THE RIGHT TO TALK TO A LAWYER FOR ADVICE BEFORE WE ASK YOU ANY QUESTIONS AND TO HAVE HIM WITH YOU DURING QUESTIONING.

IF YOU CANNOT AFFORD A LAWYER, ONE WILL BE APPOINTED FOR YOU BEFORE ANY QUESTIONING IF YOU WISH.

IF YOU DECIDE TO ANSWER QUESTIONS NOW WITHOUT A LAWYER PRESENT, YOU WILL STILL HAVE THE RIGHT TO STOP ANSWERING AT ANY TIME. YOU ALSO HAVE THE RIGHT TO STOP ANSWERING AT ANY TIME UNTIL YOU TALK TO A LAWYER.

WAIVER OF RIGHTS

I HAVE READ THIS STATEMENT OF MY RIGHTS AND I UNDERSTAND WHAT MY RIGHTS ARE. I AM WILLING TO MAKE A STATEMENT AND ANSWER QUESTIONS. I DO NOT WANT A LAWYER AT THIS TIME. I UNDERSTAND AND KNOW WHAT I AM DOING. NO PROMISES OR THREATS HAVE BEEN MADE TO ME AND NO PRESSURE OR COERCION OF ANY KIND HAS BEEN USED AGAINST ME.

SIGNED _William Huggins_

WITNESS _John H. Watson_, F.B.I.

WITNESS _Samuel J. Nelson II_

TIME _11 18 Am._

_Hour_

7

EXHIBIT

29 JUN

U. S. DIST. COURT
S. D. OF N. Y.

*Gov't*

EXHIBIT

2 3 JUN 67

U. S. DIST. COURT.
S. D. OF N. Y.

2

_March 31, 1967_
(Date)

_201 E 69th St., nyc_
(Location)

I, _William J. Huggins_ , having been
informed of my constitutional right not to have a search made of the
premises hereinafter mentioned without a search warrant and of my
right to refuse to consent to such a search, hereby authorize

_Samuel J. Matson Jr_ , and

_Arthur E. Davidson_ , Special Agents
of the Federal Bureau of Investigation, United States Department of
Justice, to conduct a complete search of my premises located at

_Apt 5F, 1671 Vyse Ave, Bronx, Ny_

These agents are authorized by me to take from my premises any
letters, papers, materials or other property which they may desire.

This written permission is being given by me to the above-
named Special Agents voluntarily and without threats or promises
of any kind.

(SIGNED) _William Huggins_

WITNESSES:

_Samuel J. Matson Jr., Special Agent F.B.I, N.Y, N.Y. 3/31/67_
_Arthur E. Davidson, Special Agent, FBI NY NY 3/31/67_