Louis Wayne **WELCH**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 76-68.

United States Court of Appeals
Tenth Circuit.

May 20, 1969.

---

John H. Williamson, Denver, Colo., for appellant.

William J. Settle, U. S. Atty., Muskogee, Okl., for appellee.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant Welch was found guilty by a jury of violating 18 U.S.C. § 2312, transporting a stolen motor vehicle in interstate commerce. This is a direct appeal of that conviction.

Three issues are raised on appeal. The first challenges the sufficiency of the evidence to sustain a verdict of guilty. Secondly, error is claimed in the admission of testimony which related to the identification of evidence obtained by an illegal search without a warrant. Finally, the charge is made that the court's instruction on the evidence was incomplete and violated the substantial rights of the accused.

In order to convict a defendant under 18 U.S.C. § 2312 the government must prove that a motor vehicle was stolen and that the defendant thereafter transported the motor vehicle in interstate commerce with the knowledge that it was stolen.[1]

The essential element of interstate transportation is admitted in the record and accordingly, the only element left in issue is the theft of the motor vehicle. The record shows that there is conflicting testimony concerning this element of the offense.

The evidence in favor of Welch contends that Beran, the person who was rightfully in possession of the vehicle, had loaned the vehicle to Welch for several days. Beran is a traveling salesman and the vehicle in question was leased by his employer and furnished to Beran for use in his job. Beran testified that the vehicle was stolen and that he did not loan it to Welch or to anyone else.

Beran denied ever having seen the accused, or any of his witnesses, but contends that he parked his car on a street in Corpus Christi, Texas. When he returned to the location he found the vehicle gone and reported a theft to the police. Some days later he was notified his vehicle had been recovered near Wilson, Oklahoma. He went to Oklahoma, identified the vehicle, and recovered it.

Welch's witnesses testified that Beran attended a drinking party with them on the night of the alleged theft and gave Welch the key to the car so that he could visit in Ardmore, Oklahoma, for a week. The female companion of Welch at the time he was arrested was the chief witness for the defense.

At the time the accused and his chief witness were arrested they were in the vehicle which was parked alongside a highway in Oklahoma. Welch was passed out and his companion asleep. A state trooper arrested both persons on charges of drunkenness and also charged Welch with having an open bottle in the car and being without a driver's license. Welch and his companion were taken to the local jail in Healdton, Oklahoma, where they were incarcerated. The vehicle in which they were found was also towed to the jailhouse.

We believe these facts together with the jury's determination of the conflict between Beran's testimony and that of the accused's chief witness is sufficient to sustain a verdict of guilty.

1. Mapys v. United States, 409 F.2d 964, (10th Cir. 1969); Allison v. United States, 348 F.2d 152 (10th Cir. 1965).

However, the state trooper, who made the arrest and incarcerated Welch, searched the car without a warrant after it had been impounded at the jailhouse and discovered some Texas license plates in the vehicle. Oklahoma plates were attached at the time of impounding the vehicle. The trooper's testimony relating these facts was admitted, although the license plates were not themselves admitted into evidence.

■■ In Preston v. United States,[2] the Supreme Court teaches that in order for a search incident to an arrest to be reasonable, it must be contemporaneous both in time and in place with the arrest. Any evidence found in a search which does not meet this requirement is inadmissible.[3]

■■ The principle is now well settled that evidence obtained through a search and seizure by a state officer in violation of the Federal Constitution is inadmissible in a criminal trial in a federal court.[4] This exclusionary principle applies to the admissibility not only of physical articles seized, but also to testimony concerning them.[5] Accordingly, the state trooper's testimony concerning the Texas license plates was improperly admitted.

Notwithstanding the above conclusions, the admission of the testimony of the trooper could have been reviewed as harmless error under Fed.R.Crim.P. 52(a). However, we cannot overlook the trial court's instruction:

"* * * I should like briefly to indicate the two things that I think are against this defendant in the way of evidence, two principal things in my mind. One is, of course, the set of license plates on the car with the Texas plates in the car when, according to the testimony, there is no reason not to believe it, the Texas license plates were on the car and then there is testimony that this, which adds up, I think, to a substantial basis for your finding that this defendant checked in at the motel in Oklahoma, * * *"

■ A federal trial judge may comment reasonably upon the evidence and express his opinion of it.[6] The trial judge's comment set out above, however, highlighted the evidence illegally obtained in the warrantless search as one of the principal things against the defendant.

The propriety of the circumstances warranting the expression of an opinion of the judge in a case such as the one here under consideration makes us pause as we deliberate the question of the fairness and impartiality guaranteed an accused in his trial. "This court has accordingly emphasized the duty of the trial judge to use great care that an expression of opinion upon the evidence 'should be so given as not to mislead, and especially it should not be one-sided'; that 'deductions and theories not warranted by the evidence should be studiously avoided.'"[7]

Reversed and remanded.

2. 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

3. Id. at 368, 84 S.Ct. 881.

4. Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960).

5. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); McGinnis v. United States, 227 F.2d 598 (1st Cir. 1955); Williams v. United States, 105 U.S.App.D.C. 41, 263 F.2d 487 (1959); Presley v. Pepersack, 228 F.Supp. 95 (D.Md.1964).

6. Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); United States v. Sowards, 339 F.2d 401 (10th Cir. 1964).

7. United States v. Sowards, 339 F.2d 401, 403 (10th Cir. 1964).