**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank Leroy ADAMS, a/k/a Bob Owens, and Marion Leslie Hill, a/k/a John Dee Ross, Defendants-Appellants.**

**Nos. 305–69, 306–69.**

United States Court of Appeals Tenth Circuit.

Jan. 14, 1970.

Rehearings Denied March 9, 1970.

Virgil E. Carrier, Denver, Colo., for appellants.

Leonard W. D. Campbell, Asst. U.S. Atty., Denver, Colo. (James L. Treece, U.S.Atty., Denver, Colo., on the brief), for appellee.

Before HICKEY and HOLLOWAY, Circuit Judges, and EUBANKS, District Judge.*

HICKEY, Circuit Judge.

Appellants Adams and Hill were convicted by a jury of violating 18 U.S.C. § 2113(a), bank robbery, as charged in a grand jury indictment returned in the District of Colorado.

The initial arrest and search of appellants, each without a warrant, oc-

* Sitting by designation.

curred in Amarillo, Texas, by local police of that city. The arrest and search are attacked in this appeal. Appointed counsel for the accused presented a commendable brief covering the subject.

The bifurcated record, which we examined in detail, presents a unique proceeding.

The first volume of the record contains the evidentiary hearing on a motion to suppress. The motion was presented, evidence adduced, and argument heard out of the presence of the jury and before the trial in chief.

In this hearing the evidence established the appellants were spending substantial amounts of money in a shopping area known as the K–Mart store in Amarillo, Texas. The suspicions of the store employees motivated them to call one Brewer who is a police detective for the city and a part-time security officer for the store.

Appellant Adams purchased a rifle at the sporting goods department and when asked about his residence he gave an address which was printed on a matchbook cover he carried.

Brewer confronted Adams with the requirements of the "Texas Gun Sale Law" and Adams admitted he had no means of identification and therefore returned the gun and received a refund.

Brewer called for an unmarked car and additional city officers to follow the appellants when they left the store. Appellants left the store and drove from the parking area. The unmarked car carrying the detectives followed for several blocks before they stopped appellants' car. Both the appellants and the officers left their respective vehicles and met in the area between the two cars. One of the officers asked appellant Hill for a driver's license and Hill replied he had none. One officer asked appellant Adams to explain the bulge in his pocket. Adams replied it was none of his business whereupon the officer advised he was making an arrest and thereupon proceeded to search Adams. The bulge in the pocket was folded paper money of an undetermined amount. The officers were joined by another patrol car and immediately took both appellants to the city jail. Appellants' vehicle was driven to the jail and searched. The search produced two revolvers, a small safe, and two briefcases with money in them. Other items purchased at the K–Mart store were also found in the vehicle. Appellants were then booked on a charge of unlawful possession of firearms.

Later a federal warrant was issued charging appellants with violation of 18 U.S.C. § 2113(a), bank robbery. Thereafter, a grand jury indictment was obtained and appellants were removed to Colorado for trial.

A motion to suppress was timely filed based upon a claim of illegal arrest without probable cause and a subsequent illegal search without warrant. Thus the issue of tainted evidence was raised to the trial court. The court overruled the motion determining the warrantless arrest was valid and the evidence obtained was not tainted.

The briefs filed and the argument of counsel were directed to the error of this ruling.

This circuit has announced the arrest rule in McIntire v. United States, 217 F.2d 663 (10th Cir.1954), *cert. denied,* 348 U.S. 953, 75 S.Ct. 442, 99 L.Ed. 745 (1955). The rule permits a warrantless arrest where there is reasonable cause to believe a felony has been committed or where a misdemeanor is committed in the presence of an officer. At the time of the initial arrest the officers did not know that a bank robbery had occurred and their vigilance could only be based upon the suspicious circumstances related.

In Murray v. United States, 351 F.2d 330 (10th Cir.1965), *cert. denied,* 383 U.S. 949, 86 S.Ct. 1207, 16 L.Ed.2d 221 (1966), this court announced that an officer arresting without a warrant must know or have reasonably trustworthy information to indicate a crime has been

committed. *See* Dailey v. United States, 365 F.2d 640 (10th Cir.1966).

This court has also said "[p]robable cause is something more than mere suspicion." Roa-Rodriquez v. United States, 410 F.2d 1206, 1209 (10th Cir.1969). *Cf.* Holbrook v. United States, 406 F.2d 44 (10th Cir.1969), and Green v. United States, 386 F.2d 953 (10th Cir.1967).

■ An arrest is not justified by what a subsequent search discloses. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). *Cf.* Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), Wood v. Crouse, 417 F.2d 394 (No. 125–68, filed Oct. 7, 1969) (10th Cir.1969), Welch v. United States, 411 F.2d 66 (10th Cir.1969), United States v. Humphrey, 409 F.2d 1055 (10th Cir. 1969), Simpson v. United States, 346 F.2d 291 (10th Cir.1965), in light of the foregoing uncontradicted facts, cast serious doubt upon the search which turned up the evidence hereinabove identified.

Even though the foregoing discussion indicates our serious doubt regarding the trial court's denial of the motion to suppress, we are bound to consider the second part of the bifurcated record which evidences the trial in chief. The briefs and oral argument were not directed to this portion of the case.

"[I]t is well settled that the jurisdiction of the court in which an indictment is found is not impaired by the manner in which the accused is brought before it. The fact that the arrest was unlawful * * * would not affect such jurisdiction." Klink v. Looney, 262 F.2d 119, 121 (10th Cir.1958).

"[A]n illegal arrest does not void a conviction, nor is it grounds for a collateral attack upon a judgment of conviction." Roddy v. United States, 296 F.2d 9, 10 (10th Cir.1961).

At the opening of the trial in chief after the selection of the jury, the following dialogue appears:

"MR. CLARK: If the Court please, on behalf of the defendants I wish to make some judicial admissions pertaining to the case prior to the time we begin and on behalf of the defendants we want to judicially admit that the money which was in the car belonging to the defendants at the time of their arrest in Amarillo, Texas, did in fact come from the Byers State Bank in Byers, Colorado. * * * we admit that the bank was robbed on said date. We admit that the bank was insured by the Federal Deposit Insurance Corporation. * * * that the two pistols that were taken or were in the possession of the defendants at the time they were arrested in Amarillo, Texas, were in fact purchased by these defendants and were their pistols. * * *

"THE COURT: Mr. Adams, you have heard the judicial admission that your counsel, Mr. Clark, has made in open court, have you not?

"DEFENDANT ADAMS: Yes.

"THE COURT: Do you consent to making these admissions?

"DEFENDANT ADAMS: I do, sir, yes.

"THE COURT: Do you subscribe to those admissions?

"DEFENDANT ADAMS: Yes, sir.

"THE COURT: * * * Mr. Hill, you have heard the judicial admissions that your counsel, Mr. Clark, has made in open court?

"DEFENDANT HILL: Yes, sir.

"THE COURT: Do you agree with those admissions and do you subscribe to them?

"DEFENDANT HILL: Yes, Your Honor."

■ An accused can admit all the elements of an offense charged by pleading guilty, therefore it follows that he can admit any part of the elements.

"Admissions * * * of defendants in criminal cases, even after arrest, if voluntarily made, are admissible in evi-

dence." Fowler v. United States, 239 F. 2d 93, 94 (10th Cir.1956).

■ Defendants are bound by the admissions of their counsel made during the trial in their presence and with their authority. Jones v. United States, 72 F.2d 873 (7th Cir.1934). *See also,* Prescoe v. State, 231 Md. 486, 191 A. 2d 226, 231 and cases cited.

The foregoing dialogue discloses that not only did counsel advise the court that the judicial admissions were freely and voluntarily made but each accused specifically acknowledged to the court their acceptance of the judicial admissions offered.

The admissions were not admissions of guilt although they were permeated with admissions against interest. The acknowledgment of ownership of the guns found in the search appears to be an admission against interest.

Whatever the stratagem of accused and counsel, we have been unable to find a case directly in point nor have we been cited one.

The judicial admissions, conclusive as they are,[1] seem to have had the purpose of permitting an instruction on accessory after the fact as an included offense of the crime charged, to be tendered to the jury. The court gave the instruction and the jury considered but did not accept the stratagem.

The central issue revealed in the transcript of the trial in chief was the identification of appellants as the perpetrators of the offense. The sufficiency of this evidence is not challenged nor could it be successfully challenged. There was ample evidence of identification upon which the jury could find beyond a reasonable doubt that appellants were guilty of the offense.

The only evidence offered by the government which related to the search and seizure was the guns and they were received without objection.

The guns were identified by victims as looking like the guns used by the robbers. Appellants, by their judicial admission, admitted the ownership and that the guns were in their possession at the time of arrest.

At the time the two guns were offered into evidence the following dialogue occurred:

"Q. Mr. Bate, if you will examine Plaintiff's Exhibit 5, can you identify that gun?

"A. Well, this is the same color and about the same size as the gun that was pointed at me.

"MR. DOWNING: All right, sir. I will offer this is evidence at this time.

"MR. CLARK: We have no objection.

"Q. All right, let me show you a gun which has been marked as Plaintiff's Exhibit 7, and ask you if you can identify it?

"A. Well, this is the same color and the size as the guns that were used, the guns I saw.

"MR. DOWNING: All right, I will offer this in evidence.

"MR. CLARK: We have no objection to it going into evidence, but by not objecting we don't admit these are the same identical guns that were in fact used in the robbery. These were the guns that the defendants had at the time they were apprehended in Amarillo, Texas."

■ A motion to suppress made earlier may be waived by affirmatively stating there is no objection to the admission of the evidence. Lawn v. United States, 355 U.S. 339, 350–355, 78 S. Ct. 311, 2 L.Ed.2d 321 (1958).

■ In light of the foregoing, it seems to us that evidence judicially admitted, with affirmative waiver of objection to admission by the appellants was properly admitted for its probative value in determining guilt or innocence.

■ The other two items obtained in the search, the safe and the briefcases, were offered by appellants to support

1. IX Wigmore on Evidence, § 2592 et seq. (3rd ed. 1940).

their alibi defense. This action on their part pales the taint charged in this appeal against the evidence admitted by the court offered by the government.

Affirmed.