**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Phillip Dale VAN SCOY, Defendant-Appellant.**

**No. 73–1027.**

United States Court of Appeals, Tenth Circuit.

July 10, 1973.

Tom J. Lee and John Connolly, Oklahoma City, Okl., for defendant-appellant.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before HILL, JONES,* and DOYLE, Circuit Judges.

HILL, Circuit Judge.

Appellant Van Scoy was charged with robbing a national bank in violation of 18 U.S.C. § 2113(a) and (d), and with being an accessory after the fact of said bank robbery in violation of 18 U.S.C. § 3. A jury found him innocent of the bank robbery charge, but guilty of being an accessory after the fact.

The evidence adduced at trial shows Van Scoy and James Johnson to have served together at the Oklahoma State Penitentiary until Van Scoy's release May 20, 1970. On October 25, 1970, Johnson escaped from prison and was picked up by his sister, Anita Hughes. After dropping Johnson off in Ardmore, Oklahoma, Mrs. Hughes next heard from her brother by telephone, at which time she was informed that he could be reached through Van Scoy.

On November 3, 1970, Van Scoy, using the name Rick Vance, leased apartment 210 in the Seven Seas Apartments in Del City, Oklahoma. On the same day Johnson robbed the State National Bank of Marlow, Oklahoma. Four days later Johnson's mother received a telephone call advising her that Johnson was seriously injured and asking her to come to Seven Seas Apartment 210. Upon arriving at the apartment she learned that Johnson had been injured in a shoot-out with the highway patrol. She stayed there 24 hours attending her son, and during much of this time Van Scoy was present. When Mrs. Hughes called Van Scoy to check on her brother, Van Scoy asked her to get some penicillin and glucose for her injured brother. Van Scoy then took her to apartment 210 to deliver the medicine.

On November 8 Van Scoy informed Johnson that he could not go home because the FBI was looking for him. Johnson then suggested Van Scoy bring the money to the apartment. Upon returning with the money, Van Scoy informed Johnson he had taken part of it to pay off "those other people." Van Scoy then took $7,000 from the remaining money to buy a car so they could leave the vicinity. Shortly thereafter and before leaving, Johnson and Van Scoy were arrested.

Johnson and Van Scoy were indicted for bank robbery and in a separate indictment Van Scoy was charged with being an accessory after the fact. On government's motion the cases were consolidated for trial. As noted previously, at trial the jury found Van Scoy not guilty of bank robbery but guilty of being an accessory after the fact.

On appeal Van Scoy offers two issues for our consideration. First, he charges the trial court erred in consolidating for trial his bank robbery indictment with his accessory after the fact indictment. Second, he asserts the trial court erred in overruling his motion for a mistrial after the government introduced evidence of his character even though this was not in issue. We find both arguments to be without merit, and accordingly affirm the trial court's decision.

Van Scoy's argument against joinder centers around Rule 14 of the Federal Rules of Criminal Procedure, which allows the trial court to order separate trials if a defendant will be prejudiced by joinder of offenses. This Rule is considered cautiously at the appellate level, however, for granting a motion for severance is within the trial court's discretion. Carpenter v. United States, 463

* Of the Fifth Circuit, sitting by designation.

F.2d 397 (10th Cir. 1972), cert. denied, 409 U.S. 985, 93 S.Ct. 337, 34 L.Ed.2d 251, United States v. Rodgers, 419 F.2d 1315 (10th Cir. 1969). Only when defendant shows an abuse of this discretion will the appellate court intervene. United States v. Jorgenson, 451 F.2d 516 (10th Cir. 1971), cert. denied, 405 U.S. 922, 92 S.Ct. 959, 30 L.Ed.2d 793. "The burden of demonstrating prejudice is a difficult one, and the ruling of the trial judge will rarely be disturbed on review. 8 Moore, Federal Practice ¶ 14.02[1], at 14–3 (2d ed. 1968). The defendant must show something more than the fact that 'a separate trial might offer him a better chance of acquittal.'" Tillman v. United States, 406 F.2d 930, 935 (5th Cir. 1969), cert. denied (for all defendants except Fox), 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742.

In the case at bar, Van Scoy has shown no prejudice resulting from the joinder of offenses, he merely hypothesizes that prejudice has resulted. Mere hypothesis, however, is insufficient in light of Rule 8(a), F.R.Crim.P., which allows joinder if the offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Although Van Scoy could not be convicted of both bank robbery and being an accessory after the fact, it is clear the offenses are based upon transactions constituting parts of a common scheme and thus fall within Rule 8(a) jurisdiction. And as the offenses are sufficiently connected together for joinder under Rule 8(a), they are subject to consolidation under Rule 13, F.R.Crim.P. United States v. Bourassa, 411 F.2d 69 (10th Cir. 1969), cert. denied, 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192. A severance of counts is permissible only when defendant shows that he would be prejudiced by going to trial without severance. No showing of prejudice is present here, hence there was no error in denying Van Scoy's motion for severance. McGee v. United States, 402 F.2d 434 (10th Cir. 1968),

cert. denied, 394 U.S. 908, 89 S.Ct. 1020, 22 L.Ed.2d 220.

██ Van Scoy's second argument is that error was committed when the trial court denied his motion for mistrial. In the government's opening statement the fact was brought out that Van Scoy and Johnson were inmates in the Oklahoma State Penitentiary (OSP). To support this fact the government presented two OSP employees who testified to the co-defendants' incarceration. Apparently the government was trying to prove the two men knew each other prior to Johnson's escape from OSP, and as a result of this association they jointly participated in the bank robbery. Under the record before us, Van Scoy's criminal record is not admissible as to any issue in the case on trial and thus it should not have been disclosed in the government's case-in-chief.

Several other factors convince us, however, that wrongful introduction of Van Scoy's prison record did not cause reversible harm. One reason is that Van Scoy, as a part of his defense, called Johnson as his witness and Johnson testified as to Van Scoy's prior prison record. Another reason is the evidence against Van Scoy is overwhelming. Johnson's mother testified that Van Scoy was present part of the time she was helping her injured son. Anita Hughes, a hostile witness for the government, testified that Van Scoy played an integral part in Johnson's escape plans after the robbery. This and other evidence convinces us the obvious error of mentioning Van Scoy's criminal record was harmless. United States v. Murvin, 425 F.2d 1204 (4th Cir. 1970).

██ We also find Van Scoy waived his objection to the introduction of such evidence by affirmatively stating he had no objection thereto. It was not until the day after Van Scoy's criminal record had been introduced that his counsel asked for a mistrial. In fact, Van Scoy's counsel stated he did not object to introduction of Van Scoy's OSP work records when they were introduced. We

find this failure to timely object an effective waiver of his right to object and thus Van Scoy has no redress before our court. United States v. Adams, 422 F. 2d 515 (10th Cir. 1970), cert. denied, 399 U.S. 913, 90 S.Ct. 2213, 26 L.Ed.2d 569.

Affirmed.