UNITED STATES of America, Plaintiff,

v.

Kenneth Robert GADDIS and Rocky J.
Eslinger, Defendants.

Crim. No. 76-2-D.

United States District Court,
W. D. Oklahoma.

Feb. 10, 1976.

David L. Russell, U. S. Atty., by Susie Pritchett, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

William J. Ross, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

The Defendant Kenneth Robert Gaddis has filed multiple Motions herein to which Plaintiff has responded and which Motions are ruled on by the Court as follows:

### (1) MOTION TO DISMISS

Said Motion is based on various contentions relating to an alleged delay of almost twenty-one months from the date of the offenses with which said Defendant is charged and the return of the Indictment herein. Defendant Gaddis contends that he has been denied a right to a speedy trial under the Sixth Amendment to the United States Constitution, that he has been denied due process under the Fifth Amendment to same, and that dismissal of the instant case because of the purported delay should be made by the Court pursuant to Rule 48(b), Federal Rules of Criminal Procedure. Affidavits by Defendant Gaddis and his attorney have been filed relative to the instant Motion. In said Defendant's affidavit he states that he does not recall the events or activities on the date in question and further states he had no occasion to recall

same until informed of the charges against him when arraigned in the instant case pursuant to the instant Indictment. Defendant Gaddis further states that he remembers few details of the activities with his co-defendant, Rocky Eslinger, from which arises the instant charges relating to the transfer and possession of an illegal firearm in violation of the Firearm Registration laws, 26 U.S.C. §§ 5801 et seq. Other factual matters relied upon by Defendant Gaddis include information purportedly obtained by his attorney from the United States Attorney to the effect that the Government's chief witness Gaylon Hayes, an agent of the Oklahoma State Bureau of Investigation, who is the party named in the Indictment to whom it is alleged the Defendants transferred the weapon in question prepared a written statement concerning the alleged transfer in September, 1974 and that said statement was received by the United States Attorney in December of 1974. The file in this case indicates that the Indictment was returned on January 7, 1976 and Defendant Gaddis was arrested thereafter on January 22, 1976. The record further indicates that said Defendant appeared before the Magistrate on the day of his arrest and was arraigned before this Court on the following day, January 23, 1976.

Defendant Gaddis contends that in the instant case there was an unnecessary delay in presenting the charge to the Grand Jury and thus the Indictment should be dismissed pursuant to Rule 48(b), *supra*. Defendant Gaddis complains that the Government's chief witness has a written statement to refresh his memory concerning the details of the offenses involved while he will be required to recall same from memory. It is argued that the alleged violation of Defendant Gaddis' Constitutional rights requires an examination of two questions:

(1) No adequate excuse for a lengthy delay, and

(2) prejudice to the Defendant.

In his Motion, Defendant Gaddis contends that his rights to have justice administered without delay under the Constitutional pro-

visions and the rules have been denied by deliberate and purposeful delay by the United States which has purposely prejudiced him and has prevented him from properly and adequately preparing his defense in the instant case.

In its Response the Government contends that the issue in the instant case is limited to purported "preaccusation" delay. As such, the Sixth Amendment provisions relating to speedy trial and the provisions of 48(b), Federal Rules of Criminal Procedure are not applicable pursuant to *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The Government contends that the applicable statute of limitations is found in 18 U.S.C. § 3282 which provides that an indictment must be returned within five years after an event has been committed. It is urged that factors which should be considered in the instant Motion are whether the preaccusation delay is unreasonable considering the length of same and the justification and further as to whether the delay prejudiced the Defendant Gaddis. In this regard, the Government contends that their primary witness will be the agent who obtained the weapon in question with other witnesses concerning identification of the machine gun in question and surveillance of the location where the alleged transfer took place. The Government contends that all witnesses it has knowledge of are still alive and are still available for trial. Plaintiff in its response contends that many of the cases relied on by Defendant Gaddis in support involve post indictment delays and are not applicable in the instant case. Plaintiff states that it has not delayed this case for the purpose of securing a tactical advantage contending that it has nothing to gain in this case contending the delay in question.

 *United States v. Marion, supra*, was recently reviewed in *Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975) wherein the holding in *Marion, supra*, was stated to be:

" 'On its face the protection of the [Sixth] Amendment is activated only when a criminal prosecution has begun and ex-

tends only to those persons who have been "accused" in the course of that prosecution. These provisions would seem afford no protection to those not yet accused, nor would they seem to require the government to discover, investigate, and accuse any person within any particular period of time.'" 404 U.S. at 313, 92 S.Ct. at 459.

A reading of *Marion, supra*, discloses that it not only holds that the speedy trial provisions of the Sixth Amendment are not applicable to preindictment or prearrest delay but further the case specifically held that Rule 48(b), *supra*, does not appear to apply in the circumstances wherein the indictment is the first formal act in the criminal prosecution. See also *United States v. Hauff*, 461 F.2d 1061 (Seventh Cir. 1972). Pursuant to the holdings in *United States v. Marion, supra*, the Sixth Amendment speedy trial claim and the Rule 48(b), *supra*, claim are without merit and the instant Motion must be denied as based on those.

■ *United States v. Marion, supra*, does hold that the due process clause of the Fifth Amendment would require dismissal of an indictment if it is shown at trial that preindictment delay in a case caused substantial prejudice to a defendant's right to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. In its conclusion the Court stated:

"Nor have appellees adequately demonstrated that the preindictment delay by the Government violated the Due Process Clause. No actual prejudice to the conduct of the defense is alleged or proved, and there is no showing that the government intentionally delayed to gain such tactical advantage over appellees or to harass them. Appellees rely solely on the real possibility of prejudice inherent in any extended delay; that memories will dim, that witnesses will become inaccessible, and evidence be lost. In light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indict-

ment. Events of the trial may demonstrate actual prejudice, but at the present time appellees' due process claims are speculative and premature."

In the instant Motion, Defendant Gaddis' contentions concerning prejudice appear to be speculative and premature.

The standards applicable pursuant to the holdings of *Marion, supra*, were set out in *United States v. Beitscher*, 467 F.2d 269 (Tenth Cir. 1972) where the Court stated:

"The law, however is clear: the rights of a defendant under the due process clause of the Fifth Amendment are not violated in the absence of a showing of actual prejudice resulting from the preindictment delay and that the delay was purposely designed to gain tactical advantage or to harass the defendants."

The preceding statement in which *Marion, supra,*, was cited as supporting authority was generally followed in *United States v. MacClain*, 501 F.2d 1006 (Tenth Cir. 1974).

■ The instant Motion To Dismiss is overruled because the present state of the record certainly does not show actual prejudice resulting from the preindictment delay and there has been no showing that the delay was purposefully designed to gain tactical advantage to the Government or that Defendant Gaddis has been harassed by such delay.

## (2) MOTION FOR BILL OF PARTICULARS

■ Said Motion which is made pursuant to Rule 7(f), Federal Rules of Criminal Procedure, contains request for 26 specific items of information. Included in said request are details of the alleged offenses. Many items requested relate to the Government's strategy or procedure it may use at the trial of the instant case to include a request for a list of witnesses, and whether the Government intends to prove Defendant Gaddis a principal in either of the two counts of the Indictment.

In its Response, the Government has provided certain information requested but in general objects to furnishing the bulk of said information on the basis that same is

an attempt to discover the evidence the Plaintiff will introduce at trial. It states that the function of a Bill of Particulars is not to disclose evidence but is a device to enlarge an Indictment so that a Defendant may be informed of the nature of the charge against him to enable him to prepare for trial and to interpose a plea of double jeopardy if required. The Court finds that Defendant Gaddis is not entitled to matters sought in the Bill of Particulars which have not been disclosed by the Government in their response for the reason that the Indictment herein is sufficiently specific to sustain a plea of former jeopardy and to permit Defendant Gaddis to prepare for trial. *Smith v. United States,* 273 F.2d 462 (Tenth Cir. 1959) cert. den. 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729. The other matters requested are either evidentiary in nature or not discoverable by any means. Further, some of the matters requested are also requested in Defendant Gaddis' Motion for Discovery to be discussed hereafter. The Motion for Bill of Particulars is overruled.

### (3) COMBINED MOTION FOR DISCOVERY AND INSPECTION, ISSUANCE OF SUBPOENA DUCES TECUM AND DISCLOSURE

█ Said Motion is made pursuant to Rules 16 and 17(c), Federal Rules of Criminal Procedure. At the outset the Court will note that the Subpoena Duces Tecum portion of said Motion is not required where a criminal defendant seeks discovery and inspection of matters pursuant to Rule 16, *supra.* The subpoena duces tecum aspect of this motion requests issuance of same to the Assistant United States Attorney to which the instant case is assigned and such is stricken.

The items requested in said Motion include: (1) items secured in connection with the investigation of this case; (2) matters obtained by the Government or its attorneys in preparation of trial in the instant case; (3) matters of an exculpatory nature; (4) the identity of any person the Government knows to possess relevant information as to the charges involved herein and; (5) the Minutes of Grand Jury testimony in this case.

In its Response, the Government states it will allow the Defendant through his attorney to inspect the weapon involved herein and will also permit him to inspect the prior criminal record of Defendant Gaddis and further the Government will allow inspection of a Certificate of Non-Registration of the weapon in question. The Government states that there are no documents, books or papers other than that which it has agreed to furnish. It states it has no exculpatory evidence in this case but offers to tender any investigative reports to the Court for in camera inspection. The Court declines this tender. The Government objects to furnishing the names and other information concerning its potential witnesses on the basis that the same are not required to be furnished in non-capital cases. In further Response, Plaintiff advises that the testimony before the Grand Jury was not transcribed.

█ It appears that the Government's Response is sufficient concerning the discovery of tangible items which it has in its possession relative to the instant case. Such disclosure and/or inspection will be accomplished as set out hereafter. The Government's response that it has no exculpatory evidence pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) appears to satisfy the request for same upon the condition that if such evidence should be later obtained, the Government will furnish same to Defendant Gaddis. On this basis the Motion as it requests exculpatory evidence is denied. That portion of the Motion which requests information concerning Government witnesses in the action should also be denied. The rule is well established in this Circuit that an accused in a non-capital case is not entitled to be furnished with a list of the names of the Government witnesses. *United States v. Hughes,* 429 F.2d 1293 (Tenth Cir. 1970); *United States v. Eagleston,* 417 F.2d 11 (Tenth Cir. 1969); *United States v. Gleeson,* 411 F.2d 1091 (Tenth Cir. 1969). Plaintiff's

Response that testimony before the Grand Jury was not transcribed is sufficient in regard to the request for same. There is no requirement for such. *United States v. Cooper*, 464 F.2d 648 (Tenth Cir. 1972). On this basis the request for same is overruled except that the Clerk of the Court may allow the Defendant Gaddis to inspect the Grand Jury Minutes if he desires.

### (4) MOTION TO COMPEL ELECTION

In said Motion, Defendant Gaddis contends that he is prejudiced by a joinder of offenses. He appears to request that the Court dismiss one of the two counts of the Indictment or to compel the prosecution to elect as to which of the two counts in the Indictment it wishes to proceed with. His contention in this regard is that in the first count, Defendants are charged with an illegal transfer of a firearm and in the second count they are charged with the illegal possession of same. Defendant Gaddis contends that this is a multiplicitous indictment which would intend to prejudice the jury against him. He contends in support of this allegation that the elements of the possession would be included as a lesser included offense in the charge of the transfer of a firearm.

The Government in its Response contends that the two counts involved in the instant Indictment are properly joined pursuant to Rule 8, Federal Rules of Criminal Procedure. It contends that where one count of an indictment requires proof of a fact which the other count does not, separate offenses are involved.

An examination of the Indictment indicates that in Count One, both Defendants are charged with transferring a particular firearm which had not been registered to either of them pursuant to the National Firearm Registration Transfer Act. In Count Two, both Defendants are charged with possession of the same firearm but in addition said charge includes an allegation that said firearm had its original serial number obliterated so as to render its unidentifiable. It is this latter aspect of the second count which the Government contends is not required in proof of the transfer, i. e., the obliterated identification number. The offense in Count One of the Indictment is set out as a violation of 26 U.S.C. § 5861(e) which provides:

> "It shall be unlawful for any person to transfer a firearm in violation of the provisions of this chapter."

The alleged unlawful act complained of in Count Two of the Indictment is found in 26 U.S.C. § 5861(i) which provides:

> "It shall be unlawful for any person to receive or possess a firearm which is not identified by a serial number as required by this chapter."

An examination of the Indictment coupled with a reading of the statutes involved indicate that the two counts herein constitute separate offenses against the laws of the United States and thus Defendant Gaddis' contention that the offense charged in Count Two as to possession is a lesser included offense of the transfer involved in Count One is without merit. Defendant Gaddis' Motion To Compel Election is overruled.

### (5) MOTION FOR SEVERANCE OF DEFENDANTS

Said Motion is accompanied by a document captioned Demand For Separate Trial which is apparently related to the Motion For Severance and will be treated along with same by the Court in considering the instant Motion.

In support of said Motion, Defendant Gaddis states by Affidavit that he recalls very few details concerning the transactions by his co-defendant, Rocky Eslinger, in selling a firearm. He states in said Affidavit he had only met co-defendant Eslinger a few days prior to the alleged offense and has had no connection with him since about the time of the offense. He states he has no money or remuneration from co-defendant Eslinger in connection with the transaction involved or any transaction. Defendant Gaddis further states that he has a prior record and same will prevent him from taking the stand in his defense in this case which coupled with his

admitted association with co-defendant Eslinger would be sufficient to convict Defendant Gaddis without any evidence connecting him with the alleged crime. Said Motion To Sever appears to be wholly based on the ground that Defendant Gaddis would be prejudiced by the joinder of Defendant Eslinger in the trial of the instant case.

The Government in its Response asserts that the evidence will show that Gaddis participated in the transfer of the weapon. It states it also will prove that the possession of the weapon involved was joint possession between both Defendants. It contends that the instant allegation of prejudice is a mere speculation that prejudice would occur.

 Said Motion is made pursuant to Rule 14, Federal Rules of Criminal Procedure. Said Rule provides:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever relief justice requires. . . ."

A severance pursuant to Rule 14, *supra*, may be granted only where a defendant has shown that he would be clearly prejudiced by a joint trial. *United States v. Smaldone*, 485 F.2d 1333 (Tenth Cir. 1973) cert. den. 416 U.S. 936, 94 S.Ct. 1934, 40 L.Ed.2d 286; *Lowther v. United States*, 455 F.2d 657 (Tenth Cir. 1972) cert. den. 409 U.S. 857, 93 S.Ct. 139, 34 L.Ed.2d 102. Such prejudice must be related to matters against which the trial court cannot protect by precautionary instructions such as advising the jury that certain evidence which would be admissible against a particular defendant would not be admissible against other defendants. *United States v. Smaldone, supra.*

 The arguments raised by Defendant Gaddis are not persuasive. The allegation that he would be prejudiced by evidence that he associated with his co-defendant appears to go to the very essence of the charge against Defendant Gaddis. His requested severance would have no bearing upon whether such evidence would be prejudicial to Defendant Gaddis in a joint trial. Such evidence would be just as applicable against Defendant in a separate trial. The alleged prejudice asserted by Defendant Gaddis does not result from the joinder of the two Defendants in the instant Indictment, but result from the apparent association at the time of the alleged offense.

 There is a legitimate public interest in avoiding unnecessary duplication and expense and in utilizing available facilities and personnel to the best advantage towards assuring speedy trials for all those accused. *United States v. Wallace*, 272 F.Supp. 841 (S.D.N.Y.1967). In the interest of conserving judicial economy, avoiding duplicitous, time-consuming and expense trials, conserving public funds, diminishing inconvenience to witnesses and public authorities, and promptly trying those accused of crime, joint trials are favored. *United States v. Barber*, 296 F.Supp. 795 (D.Del. 1969). It has been stated:

"Joint trials of persons charged together with committing the same offense or with being accessory to its commission are the rule, rather than the exception. There is a substantial public interest in this procedure. It expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries, and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once." *Parker v. United States*, 404 F.2d 1193, 1196 (CA 9 1968) cert. denied 394 U.S. 1004, 89 S.Ct. 1602, 22 L.Ed.2d 782.

The general rule is that a single trial should be conducted unless severe prejudice to a defendant is shown. The burden is upon the movant to establish such prejudice. *United States v. Van Scoy*, 482 F.2d 347 (Tenth Cir. 1973); *United States v. Smaldone, supra.* In the instant case, this burden has not been met.

The Court is convinced that the reasons asserted by Movant do not outweigh the

Governmental interest in a joint trial. A substantial amount of the evidence to be offered at the trial will undoubtedly be the same for each Defendant. If separate trials were ordered, many of the same witnesses would be called in each trial by the Government or the defense. Trials have been conducted for larger numbers of defendants in more complicated criminal cases, and there is no reason to believe that a fair trial of all defendants herein on a relative simple charge cannot be accomplished. Defendant Gaddis' Motion for Severance is overruled.

Accordingly, the 12th day of February, 1976 at 10:00 A. M., at the offices of the United States Attorney, United States Court House, Oklahoma City, Oklahoma are designated as the date, time and place for the Government to furnish Defendant Gaddis the items it is to furnish to him pursuant to this Order.