UNITED STATES of America, Plaintiff,

v.

Glenn F. MARTIN et al., Defendants.

No. Cr–77–00047–D.

United States District Court,
W. D. Oklahoma.

March 4, 1977.

David L. Russell, U.S. Atty., by John E. Green, First Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff.

Loyde H. Warren, Oklahoma City, Okl., for defendant Martin.

Warren L. Griffin, Midwest City, Okl., for defendant Burns.

Victor G. Hill, Jr., Oklahoma City, Okl., for defendant Stallworth.

## ORDER

DAUGHERTY, Chief Judge.

In this Motion For Severance, made pursuant to Rule 14, Federal Rules of Criminal Procedure, Defendant Bill Stallworth, Jr. urges the following as grounds for severance:

(1) The jury will have difficulty in distinguishing the alleged acts of the Movant from the alleged acts of his co-defendants;

(2) Evidence in this case may be introduced by the Government which may be

inadmissible against the Movant but which may be admissible against one or more of his co-defendants, all to the prejudice of Movant;

(3) Evidence may be introduced by his co-defendants which would be inadmissible against Movant in a separate trial to the prejudice of Movant;

(4) Movant, as well as his co-defendants, will obtain a fair and more impartial trial if tried alone;

(5) There is a misjoinder of defendants and offenses in the Indictment.

In his Brief in Support of Motion for Severance, Movant contends only that the statements and testimony of the co-defendants will give conflicting evidence with regard to the acts and activities of defendants and that such evidence will be prejudicial to Movant.

The Government in its Response contends that joinder is proper pursuant to Rule 8, *infra.*

[1] The assertions made by Movant in Grounds (1), (2), (3) and (4) of his Motion for Severance are unsupported conclusions. Other than the assertions themselves, Movant has failed to provide this Court with any indication or evidence that such difficulties as alleged will exist should Movant not be severed from his co-defendants.

In Defendant Stallworth's fifth Ground in support of his Motion for Severance, he contends that there is a misjoinder of defendants and offenses in the Indictment in this case. An examination of the Indictment herein indicates that there is only one offense charged against Defendant Stallworth. The Court is unable to ascertain how there can be a misjoinder of offenses in an Indictment containing only one offense. An examination of the Indictment further reveals that the Defendants charged therein are alleged to have participated in the same act or transaction constituting the offense charged. As Rule 8(b),[1] *supra,* provides that such Defendants may be charged in one count together, it would appear that Movant's Ground (5) is without merit.

■ Rule 14, *supra,* provides:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever relief justice requires. . ."

A severance pursuant to Rule 14, *supra,* may be granted only where a defendant has shown that he would be clearly prejudiced by a joint trial. *United States v. Smaldone,* 485 F.2d 1333 (Tenth Cir. 1973) cert. denied, 416 U.S. 936, 94 S.Ct. 1934, 40 L.Ed.2d 286 (1974); *Lowther v. United States,* 455 F.2d 657 (Tenth Cir. 1972) cert. denied, 409 U.S. 857, 93 S.Ct. 139, 34 L.Ed.2d 102 (1972). Such prejudice must be related to matters against which the trial court cannot protect by precautionary instructions such as advising the jury that certain evidence which would be admissible against a particular defendant would not be admissible against other defendants. *United States v. Smaldone, supra.*

■ There is a legitimate public interest in avoiding unnecessary duplication and expense and in utilizing available facilities and personnel to the best advantage towards assuring speedy trial for all those accused. *United States v. Gaddis,* 418 F.Supp. 869 (W.D.Okl.1976); *United States v. Wallace,* 272 F.Supp. 841 (S.D.N.Y.1967). In the interest of conserving judicial economy, avoiding duplicitous, time-consuming and expensive trials, conserving public funds, diminishing inconvenience to witnesses and public authorities, and promptly

---

1. Rule 8(b), Federal Rules of Criminal Procedure, provides:

"*Joinder of Defendants.* Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

trying those accused of crime, joint trials are favored. *United States v. Barber,* 296 F.Supp. 795 (D.Del.1969). It has been stated:

"Joint trials of persons charged together with committing the same offense or with being accessory to its commission are the rule, rather than the exception. There is a substantial public interest in this procedure. It expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries, and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once." *Parker v. United States,* 404 F.2d 1193 (Ninth Cir. 1968) cert. denied, 394 U.S. 1004, 89 S.Ct. 1602, 22 L.Ed.2d 782.

Generally, persons jointly indicted should be tried together. *United States v. Morrow,* 537 F.2d 120 (Fifth Cir. 1976); *United States v. Camacho,* 528 F.2d 464 (Ninth Cir. 1976); *United States v. Gambrill,* 146 U.S. App.D.C. 72, 449 F.2d 1148 (1971). The general rule is that a single trial should be conducted unless severe prejudice to a defendant is shown. The burden is upon the movant to establish such prejudice. *United States v. Van Scoy,* 482 F.2d 347 (Tenth Cir. 1973); *United States v. Smaldone, supra.* In the instant case, this burden has not been met.

The Court is convinced that the Grounds asserted by Movant do not outweigh the Governmental interest in a joint trial. A substantial amount of the evidence to be offered at the trial will undoubtedly be the same for each defendant. If separate trials were ordered, many of the same witnesses would be called in each trial by the Government or the defense. Trials have been conducted for larger numbers of defendants in more complicated criminal cases, and there is no reason to believe that a fair trial of all defendants herein on a relatively simple charge cannot be accomplished. Defendant Stallworth's Motion for Severance should be overruled.