Mary McCLELLAN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–86–418.

Court of Criminal Appeals of Oklahoma.

June 9, 1988.

Rehearing Denied Aug. 1, 1988.

Thomas Purcell, Assistant Appellate, Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Mary McClellan, was tried and convicted in the District Court of Comanche County, of four separate charges of Soliciting for Prostitution in violation of 21 O.S.1981, § 1029, Case Nos. CRM–85–214, CRM–85–350, CRM–85–363 and CRM–85–367, and was sentenced to six (6) months' imprisonment on each charge.

On April 26, 1985, Detectives Charles Whitis and Don Belcher of the Lawton Police Department were working undercover, investigating prostitution in Lawton, Oklahoma. Detective Whitis was working as back-up while Detective Belcher drove his unmarked car through an area of town that is known to be frequented by prostitutes. The appellant called to Belcher while he was passing the sidewalk where she was standing. When the detective stopped his car, the appellant got in the passenger seat and offered to engage in sex with Belcher for $25.00. The appellant directed the detective to a house known to be used for prostitution purposes. Before arriving at the house, and according to pre-arranged procedure, Detective Belcher and the appellant were stopped by Detective Whitis. The appellant was then arrested for Soliciting for Prostitution.

On July 24, 1985, Detective Whitis was again investigating prostitution, this time using an agent as the initial contact person. The appellant approached the agent and offered to provide sex in exchange for $40.00. The same procedures were followed and the appellant was again arrested.

On July 30, 1985, the appellant approached another agent working with Detective Whitis. The appellant again offered to engage in sexual acts with the agent in return for money. The same procedure was followed and the appellant was again arrested.

The next day, July 31, 1985, the appellant approached a third agent working with Detective Whitis and offered to engage in sexual acts for $40.00. Using the same procedures, Whitis again arrested the appellant on a charge of Solicitation for Prostitution.

Over objection, the trial court sustained the State's motion to consolidate the cases for trial. This is the basis for the appellant's first proposition of error. Stating that the four charges were separate and distinct offenses, the appellant argues that consolidation of the charges into one trial only served to inflame and prejudice the jury. We find the appellant's first proposition to be without merit.

It is well settled in this, and other, jurisdictions, that the interests of a speedy trial for an accused, conserving judicial economy, and public policy are best served by joinder of action in similar situations. *See United States v. Martin*, 429 F.Supp. 227, 228–9 (W.D.Okl.1977); *United States v. Gaddis*, 418 F.Supp. 869 (W.D.Okl.1976); *Sanders v. State*, 612 P.2d 1363 (Okl.Cr. 1980) and *Dodson v. State*, 562 P.2d 916 (Okl.Cr.1977).

The proper scope of review in such a case is limited to whether failure to order severance constitutes an abuse of discretion. *Liles v. State*, 702 P.2d 1022 (Okl.Cr.1985). Absent a showing of abuse resulting in prejudice to the accused, the trial court's ruling will not be disturbed on appeal. *Menefee v. State*, 640 P.2d 1381 (Okl.Cr.1982). We are convinced that no such prejudice is shown in this case. Therefore, appellant's first proposition of error is without merit.

Appellant's second proposition of error is that the trial court erred in overruling her demurrer to the information(s). On their face, the informations in this case are sufficient to prevent the appellant from being misled as to what charge to defend against as well as being precise enough to protect her from being put in jeopardy a second time for the same offense. The settled test for the sufficiency of an information is so well known that further restatement is not necessary. It is sufficient to direct the appellant's attention to *Profit v. City of Tulsa*, 574 P.2d 1053, 1055 (Okl.Cr.1978) and *Groom v. State*, 419 P.2d 286 (Okl.Cr.1966). Appellant's second proposition of error is without merit.

The third proposition raised by the appellant is that the sentence imposed is excessive. The settled rule in this State is that where the punishment is within the range set by the legislature, it will not be disturbed unless it shocks the conscience of the Court after considering all the facts and circumstances of the case. *Moran v. State*, 555 P.2d 1085, 1088 (Okl.Cr.1976), citing *Poke v. State*, 515 P.2d 252 (Okl.Cr.1973).

The facts and circumstances of this case do not support a modification of the sentence. Appellant was arrested four times within a relatively brief period for the same offense. She was arrested by the same police detective, each time doing exactly the same thing that she had been arrested for earlier. The last time she was arrested was within twenty-four hours of her previous arrest. It is patently clear that the mere threat of arrest and incarceration has proven to be no deterrent to the appellant. We cannot say that imposition of four separate, six month sentences on four separate, successive, and identical criminal acts shocks the conscience of this Court. This proposition of error is also without merit.

Lastly, the appellant argues that the trial court committed reversible error in forcing her to be represented by counsel. This assignment of error is frivolous and without merit.

Appellant's entire argument on this issue is based on the settled rule that an individual has a fundamental right to self-representation at all stages of a criminal proceeding. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Coleman v. State*, 617 P.2d 243 (Okl.Cr.1980). This Court is certainly in agreement with that settled Constitutional principle.

However, in this case, it is abundantly clear that the appellant did *not* want to represent herself, and that she *did* want an attorney. Counsel seriously misstates the facts in his brief when he claims that the appellant wanted to appear pro se.

The record shows that the trial judge, after being informed of counsel's desire to withdraw, began the proper inquiry when faced with an apparent request by the appellant to represent herself. See *Bowen v. State*, 606 P.2d 589, 594 (Okl.Cr.1980). However, the appellant stated on the record that she *did* want a lawyer, she just did not want *this* lawyer. It is also well settled that an indigent defendant will not be allowed to pick and choose her court appointed, State funded, attorney. *Johnson v. State*, 556 P.2d 1285, 1294 (Okl.Cr.1976); *Jones v. State*, 404 P.2d 686 (Okl.Cr.1965). The record plainly shows that counsel quite competently represented the appellant in this matter. Appellant's final proposition totally lacks merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.